ALBERT H. SILKWORTH, Appellant, v. JESSIE E. SILKWORTH, Respondent.

Second Department, October 28, 1938.

*Lester M. Emmett,* for the appellant.

*Richard G. Green* [*Irving Ribman* with him on the brief], for the respondent.

PER CURIAM.  Order granting motion to punish plaintiff for contempt of court in failing to pay ten dollars a week from March 5, 1930, to January 28, 1937, for the support of the child of plaintiff and defendant, and fining him $4,190, but permitting him to purge himself of contempt by paying eight dollars per week, reversed on the law and the facts, without costs, and the matter remitted to the Special Term to take proof:

(1) During the period March 5, 1930, to January 28, 1937, did defendant actually pay for the support of the child or was such support given, directly or indirectly, by a third person?

(2) Did defendant make any demand or demands at any time (and if so, when) upon plaintiff, in writing or otherwise, for the payment of the amounts awarded for the benefit of the child or any part thereof?

(3) What were the financial circumstances of the plaintiff at the time the motion to punish for contempt was made?

Upon the basis of the facts so determined, the motion to punish for contempt should be decided.

If the wife did not pay for the support of the child and such support was voluntarily furnished by a third party, or if she paid for such support without expecting to be reimbursed by the husband, then, of course, the money to be paid under the award for the child's benefit was not required, and nothing was lost to the child by plaintiff's default.  Then the breach by the husband of the duty to pay would be only technical.  To award either to the mother, for the benefit of the child, or directly to the child, a sum representing the amount unpaid would be an unjust and inequitable enrichment.  Neither of them could recover in an action.  (*Swanton* v. *Curley,* 273 N. Y. 325.)  Under such circumstances, in the exercise of discretion, plaintiff should not be punished for contempt. Power to punish for contempt is discretionary.  (*Barrett* v. *Barrett,*

221 App. Div. 710; *Brill* v. *Brill,* 148 id. 63; *Burdick* v. *Burdick,* 183 id. 488; *Goldberg* v. *Goldberg,* 236 id. 258; *Gatto* v. *Gatto,* 237 id. 888; *Thompson* v. *Thompson,* 197 id. 228.)

LAZANSKY, P. J., HAGARTY, CARSWELL, DAVIS and ADEL, JJ., concur.

Order reversed on the law and the facts, without costs, and the matter remitted to the Special Term to take proof in accordance with opinion.