## ELSIE MARION ANDERSON v. CARL IVER ANDERSON.[1]

April 12, 1940.

No. 32,260.

*B. H. Bowler,* for appellant.
*L. M. Hatlestad,* for respondent.

HILTON, JUSTICE.

On April 16, 1929, plaintiff procured a divorce from defendant. Custody of the child, an eight-year-old boy, was given to plaintiff, the mother, subject to the right of defendant to have him for specified periods. The decree provided that the child was not to be taken out of the "jurisdiction" of the court by either parent without the written consent of the other or without an order of the court made after due notice.

The decree ordered defendant to pay $25 per month for the support of the child. In February, 1930, the decree was amended in respects not here material.

[1]Reported in 291 N. W. 508.

In July, 1930, plaintiff procured permission from the district court to take. the child from Duluth to Minneapolis where she had moved. In November of the same year plaintiff obtained a position in California. From Minneapolis she wired Judge Magney of the district court for St. Louis county for permission to take the child with her. Judge Magney responded that he could not grant such a request without a hearing. Apparently fearing that delay would result in the loss of the promised position and upon advice of an attorney (not plaintiff's present counsel), plaintiff deliberately took the child to California. Her whereabouts and that of the child was purposely kept from defendant.

Defendant was not in default in payments until the instalment for November 5, 1930. Since that time the support money ordered has not been paid. In 1938 plaintiff first sought to obtain recovery of the accrued unpaid instalments. In August, 1938, on an order to show cause, Judge Kenny denied relief. In November, 1938, plaintiff made a motion before Judge Fesler to (1) determine the aggregate amount of support money accrued and unpaid under the decree and cause judgment therefor to be formally entered; (2) order defendant to pay the judgment and direct issuance of an execution; (3) punish defendant for contempt if he refused or failed .to carry out the order. Relief was denied. Plaintiff appeals from this order.

The only time during the period for which the instalments are sought that plaintiff and the child were within this state was a few days in August, 1938, at the hearing before Judge Kenny.

The trial court was correct in its action and must be affirmed. The decision of this court in the present matter was so clearly forecast by Eberhart v. Eberhart, 153 Minn. 66, 189 N. W. 592, especially after the explanation in Fjeld v. Fjeld, 201 Minn. 512, 277 N. W. 203, that little basis even for speculation remained. In the Eberhart case we said, page 68:

"The plaintiff has taken the child from the jurisdiction of the court. So long as she keeps him without the jurisdiction the defendant. should be relieved from the payment of support money

to accrue in the future and that already accrued should not be enforced against him."

Plaintiff contends that a collateral attack is being made by defendant on the decree and that therefore it cannot succeed. We cannot agree. Defendant does not contest the validity of the decree or the propriety of the order directing the payment of $25 per month. Defendant's contention in its essence is that the decree, though valid, cannot be the foundation for an order compelling him to pay plaintiff since she has placed herself in such a position by her conduct that she cannot now ask the court to invoke its processes for her benefit. A court should hesitate to grant relief to one who has intentionally violated a material provision of the decree which is sought to be enforced against another. Judicial power is vested in courts to aid those who merit relief. Conduct such as plaintiff has been guilty of certainly does not commend itself. There was no error or mistake on her part but rather a deliberate and intentional act. While there is no doubt that plaintiff could be punished for contempt if jurisdiction could be acquired, we do not think that this is the exclusive process. Nor need defendant procure a modification of the decree. The defense, under the facts, was well taken. There may be instances where a party seeking to enforce a decree has been at fault in a minor respect but still has equities that overbalance those of the party seeking to avoid the natural obligation recognized in the decree. In every case the primary duty and responsibility rests upon the trial court, in whom is vested a proper sphere of discretion to decide each case upon the facts as they appear.

We do not think that plaintiff's return to the state with the child made the decree, under the facts, enforceable as to the accrued, unpaid instalments.

The order is affirmed.