Mae Q. Probst, Respondent, v. Frederick S. Probst, Appellant. (Appeal No. 1.) — Plaintiff recovered a judgment of divorce from defendant and, upon failure to pay alimony therein provided for her support and the support of a child, obtained an order of sequestration. Defendant made a motion for an order vacating and setting aside the order of sequestration and for a modification of the decree in certain respects or, in the alternative, for a modification of the order of sequestration by crediting defendant with certain payments. Order modified by striking out the third ordering paragraph and by reducing the aggregate amount of the recovery directed in the fourth ordering paragraph as follows: (1) by the sum of twelve dollars for each week alimony accrued prior to January 16, 1920, with interest from dates of accrual; (2) by the sum of four dollars for each week that eight dollars per week was paid through the County Court, which amounts to one-half of $1,632, or $816, with interest from dates of payment; (3) by the sum of four dollars per week for each week the son was supported either by himself or by persons other than plaintiff, not including, however, any of the period mentioned in item 2, with interest from dates of accrual; (4) by the sum of four dollars per week from February 13, 1929, when the son reached his majority, to March 15, 1932, when plaintiff remarried, with interest from dates of accrual. As so modified, the order, in so far as appealed from, is affirmed, without costs. The judgment was recovered October 16, 1919, and alimony accruing prior to twenty years before plaintiff obtained the sequestration order herein (January 16, 1940) is conclusively presumed to be paid. (Civ. Prac. Act, § 44.) To the extent of four dollars a week for the support of the child, the defendant should be credited for payments made by him through the County Court. The proof shows that the amount so paid was $1,632, being at the rate of eight dollars per week. One-half of that sum, or $816, should be deducted from the amount charged against defendant by the order. The mother should not be paid twice for the

son's support. To permit recovery by the mother for the support of the son when others were supporting him and he was supporting himself would be an unjust enrichment of her. (*Silkworth* v. *Silkworth*, 255 App. Div. 226; *Swanton* v. *Curley*, 273 N. Y. 325.) If there be an overlapping between the payments made through the County Court and the said period when others were supporting the son and he was supporting himself, there should, of course, be only one credit of four dollars a week. For the same reason, there should be no recovery for the period between the majority of the son and the time the mother remarried, especially since the son during that period was self-supporting. There is no valid reason why there should not be a division of the twelve dollars lump sum weekly allowance and an allocation of a reasonable sum for the support of the son. The court finds four dollars such reasonable sum to be the basis of deductions above mentioned. Lazansky, P. J., Hagarty, Carswell, Taylor and Close, JJ., concur. Settle order on two days' notice, with calculation of amounts to be deducted and the interest.