RUTH B. VIALL, Respondent, *v.* LELAND S. VIALL, Appellant.

Fourth Department, March 18, 1942.

*John Van Voorhis' Sons* [*Meyer Fix* of counsel], for the appellant.

*Charles E. Bostwick* [*Hugh J. O'Brien* of counsel], for the respondent.

PER CURIAM. In the proceeding to determine the damages sustained by reason of the order staying proceedings pending appeal and the undertaking given pursuant thereto, the plaintiff made the defendant a party although he had not signed the undertaking and was not liable thereon. The defendant appeared and participated in the reference. By his so doing the surety company might claim that the order confirming the referee's report was *res adjudicata* as to him. Moreover, the defendant doubtless would be liable

over to the surety to the extent of any sums which the surety was directed to pay as such. In view of these facts, we think the defendant has a right to maintain the appeal. We think the item of $175 allowed as attorney's fees for getting rid of the stay on appeal was improper. The stay bore no relation to the merits of the appeal. The appeal involved the right of the plaintiff to receive and retain the $990 realized by the receiver from a legacy bequeathed to the defendant by his aunt. The appeal was arguable regardless of the stay. (*Newton* v. *Russell*, 87 N. Y. 527, 531; *DeRaismes* v. *Thomas*, 260 id. 272; *Perlman* v. *Bernstein*, 93 App. Div. 335, 337; *Lewittes & Sons, Inc.*, v. *Perlow*, 254 id. 94, 95.) The order should be modified by striking out that item.

The motion for leave to docket a judgment for past due alimony for the support of the plaintiff's son should have been denied. The record indicates that the son received his support during the period covered by the moving papers from his maternal grandfather without any promise, express or implied, upon the part of the defendant, the plaintiff or the son to reimburse him therefor. This being the case, neither the plaintiff nor her son could recover a judgment against the defendant for arrears of alimony. (*Swanton* v. *Curley*, 273 N. Y. 325, 329; *Silkworth* v. *Silkworth*, 255 App. Div. 226; *Smith* v. *Smith*, Id. 652; *Matter of Schnirman*, 167 Misc. 809, 813, 814; *Manufacturers Trust Co.* v. *Gray*, 278 N. Y. 380, 386; *Burdick* v. *Burdick*, 183 App. Div. 488; *Halsted* v. *Halsted*, 228 id. 298.)

All concur, except CUNNINGHAM, J., who dissents and votes for affirmance of the order confirming the report of the referee, and except CUNNINGHAM and TAYLOR, JJ., who dissent and vote for affirmance of the judgment and order in the following memorandum: When defendant, in 1937, applied to be relieved from payment of alimony because of the remarriage of his former wife in 1928, the Special Term entered the order which relieved him from paying the wife seventeen dollars a week from July 7, 1928, to July 13, 1937, and thereafter. The order expressly directed that defendant pay to the wife as *de facto* trustee for the child, eight dollars a week from said July 7, 1928, until the child became twenty-one years of age. Defendant accepted the benefits under this order and is bound thereby. He has not paid, and does not claim to have paid, any part of this sum that was due when the Special Term made in 1937 order. In our opinion, the entry of judgment as directed by the Special Term, upon notice to defendant and after a hearing, was proper. (Civ. Prac. Act, § 1171-b; *Durlacher* v. *Durlacher*, 173 Misc. 329. See, also, *Harris* v. *Harris*, 259 N. Y. 334, 337.) The cases of *Swanton* v. *Curley* (273 N. Y. 325) and *Manufacturers*

*Trust Co.* v. *Gray* (278 id. 380) are not in point.   Present — CROSBY, P. J., CUNNINGHAM, TAYLOR, DOWLING and McCURN, JJ.

Order confirming the report of the referee modified by striking from the report of the referee the item of $175 allowed as counsel fees, and as modified affirmed, without costs of this appeal to either party.   Judgment, and order directing entry of judgment, reversed on the law and facts, without costs and motion denied, without costs.