27 So.2d 205

**PADGETT v. PADGETT.**

8 Div. 342.

Supreme Court of Alabama.

Aug. 2, 1946.

W. C. Rayburn, of Guntersville, for appellee.

SIMPSON, Justice.

The appeal is from a decree overruling demurrer to a petition for custody of an infant.

The petition, held sufficient by the court against demurrer, was by Royce Leonard Padgett against his former wife, Ethel Burnett Padgett, seeking custody of Charles Milford Padgett, their seven-year-old son. The parties are divorced, and in the divorce decree the court awarded custody to the mother during the school months of the year and to the father for the remainder of the time.

The pleading now under consideration, filed less than a month after the rendition of the original decree, is a supplemental petition in the same cause and seeks a modification of the former decree by having the full care, custody, and control of the child awarded to the father.

■ In proceedings of this character, after the decree of divorcement, the party seeking a change must allege and show some change of conditions or other substantial reason for a modification of the previous decree. The former decree is conclusive of the interests of the child and the rights of the parents, so long as their status at the time of the decree remains without material change. White v. White, Ala.Sup., 24 So.2d 763;[1] Sparkman v. Sparkman, 217

Marion F. Lusk, of Guntersville, for appellant.

[1] 247 Ala. 405.

236

Ala. 41, 114 So. 580; Decker v. Decker, 176 Ala. 299, 58 So. 195.

[2] While improper conduct of either of the parents prior to divorce might be a circumstance to illustrate subsequent conduct and therefore admissible as evidence on a hearing of such supplemental petition, it would not, as a general proposition, warrant a modification of the previous decree. This for the reason that "the decree must be taken at its face value, and family affairs which led up to it cannot be again inquired into." White v. White, supra, 24 So.2d page 764;[1] Chandler v. Whatley, 238 Ala. 206(16), 189 So. 751.

The petition is manifestly lacking in allegational requirements, when tested by the rule of the cited cases. No change in the status of any of the parties involved is shown. The vague allegation of misconduct of the mother, construed, on demurrer, against the petitioner as the rule requires, must be interpreted as a charge of misconduct occurring prior to the rendition of the divorce decree, and is an insufficient predicate on which to rest a modification thereof.

We think there was error in overruling the demurrer.

Reversed and remanded.

GARDNER, C. J., and FOSTER, LIVINGSTON, LAWSON, and STAKELY, JJ., concur.