BUSH, Plaintiff-Appellant, v BUSH, Defendant-Appellee.

Ohio Appeals, Second District, Franklin County.

No. 3987.   Decided October 9, 1947.

Thomas O. Miller, Columbus, for plaintiff-appellant.
H. S. Kerr, Columbus, for defendant-appellee.

## OPINION

By THE COURT:

This is an appeal on questions of law from an order of Court dismissing certain proceedings in aid of execution instituted by plaintiff.

On the 24th of October, 1942, plaintiff was granted a

decree of divorce from defendant and a separation agreement entered into by the parties was approved and made a part of the decree, in which it was provided that the defendant shall pay to the plaintiff through the Clerk of the Common Pleas Court, Division of Domestic Relations, Franklin County, $7.50 each week from the date of the agreement until such child attains the age of eighteen years. The order was identical as to each of two children. On October 22, 1946, execution was issued against the defendant for the accumulated arrearage on said order in the sum of $1178.08, and there being no real estate or personal property on which levy could be made, the plaintiff instituted a proceedings in aid of execution and the Pennsylvania Railroad Company was ordered to appear and answer concerning claimed indebtedness due the defendant. The order in aid of execution was made November 20, 1946.

At various times subsequent to the support order the defendant was cited for contempt in failing to observe the order and particularly in July, 1944, and again on July 6, 1946, he was found to be in contempt of Court, as charged. In the entry of July 6, 1946, it was provided as a condition to defendant's purging himself of his contempt that he pay $10.00 a month to apply on the arrearage in addition to the regular payments now set by the order of October 24, 1942. In the order of July, 1944, a somewhat similar order was made, but different amounts and dates when they should be paid were fixed.

Succeeding the proceedings in aid of execution defendant filed a petition after term, of date November 29, 1946, wherein there is a recitation of the procedural steps incident to the divorce case, support orders and contempt proceedings and in which it was prayed that all former orders made be modified; that any arrearage claimed by plaintiff be vacated and for such other and further relief as defendant may be entitled to receive.

Plaintiff moved to strike this petition from the files and the entry upon this motion, in the first paragraph thereof, finds that the proceedings of the plaintiff should be and they are hereby dismissed; The Pennsylvania Railroad Company, debtor of the defendant is ordered to pay to him wages and salary due him, and the defendant's petition after term is dismissed for want of service of summons upon the plaintiff.

Appellant, the plaintiff, assigns as error the action of the Court in dismissing her proceedings in aid of execution.

In a brief written opinion of the trial judge with which we

have been favored it appears that his action was predicated upon the proposition that there was no showing by the plaintiff of defendant's failure to observe the contempt order of the Court of July 6, 1946.

At the outset, it should be observed that the petition of the defendant being dismissed there was nothing before the trial judge which called upon the Court to dismiss the proceedings in aid of execution. Nor may it be said that the orders on the citations in contempt, or any of them, constituted a modification of the original decree of October 24, 1942, in which the obligation of the defendant to pay support money in a definite sum was fixed. However, if the order of the Court is correct, then without respect to the validity of any reason assigned to support that order, it is our obligation to affirm it.

The Court was without authority upon the contempt proceeding to modify the separation agreement of the parties which was carried into the support decree except to increase the amount of support, unless fraud or mistake in securing the decree appeared. Tullis v Tullis, 138 Oh St 187. No such averment was made or found by the Court to be established.

The contempt proceeding was but one remedy available to the plaintiff to bring about observance by the defendant of the original support decree. The constructive contempt was predicated upon a tendency by the action of the defendant by failing to pay as ordered, to obstruct, embarrass or prevent the due administration of justice (9 O. Jur. 15), and did not affect or attempt to vacate or modify the extent of the obligation enjoined upon him by the original support decree. In the contempt proceedings the defendant may have avoided a finding of guilt of the charge if it had appeared that he was unable for any reason to pay the accumulated arrearage on the support decree, but would it be asserted that this absolved him from the legal effect of the civil decree against him. The right of execution on judgment, or any other remedy which the law afforded the plaintiff, was available to her notwithstanding she may also have invoked contempt proceedings to call upon the Court to punish the defendant for his wilful disobedience of the court order.

Coming then to the one determinative question in this case, namely, was the support decree here under consideration such a judgment as that execution could be levied thereon without first carrying into separate formal legal judgment the total amount due under said decree?

The question is not an open one in this Court because we

have passed upon it in **Sweigart v Sweigart, et al.**, in the first headnote thereof, **33 Abs 250**, in this language:

"Where alimony in the form of weekly installments for support of minor children has been allowed in a divorce decree, the claim for the balance in default is enforceable by levy and execution as in any other judgment."

To like effect, and of superior authority is **Piatt v Piatt, 9 Ohio, 37**, 2nd syllabus:

"Where alimony is decreed in a gross sum, **or in installments, the** decree may be enforced by executioon for such installment as it becomes due, or any number of installments, due when execution issues, may be included in one writ."

Also, a Nisi Prius decision, Breen v Breen, et al., 14 N. P. (N. S.) 219, 1st headnote:

"Past due installments of alimony are in legal effect a judgment on which an execution may be issued."

Although the installments in the Breen case are characterized as alimony the order under consideration was for support of the plaintiff and her minor child. See also Embshoff v Embshoff, 12 O. C. C. (N. S.) 236. The proceedings in aid of execution were improperly dismissed.

The judgment will be .reversed and cause remanded.

WISEMAN, P. J., MILLER and HORNBECK, JJ., concur.