40 So.2d 444

**ATKINS v. STATE.**

6 Div. 586.

Court of Appeals of Alabama.

Aug. 3, 1948.

Rehearing Denied Oct. 5, 1948.

Beddow & Jones, Roderick Beddow and G. Ernest Jones, all of Birmingham, for appellant.

Bankhead, Skinner & Kilgore and Elliott & Petree, all of Jasper, for appellee.

CARR, Judge·

Vivian Smith Atkins filed a sworn petition in which she prayed that the lower court issue a rule nisi and direct that the same be served on Dewey Atkins requiring him to appear and show cause why he should not be adjudged in contempt of court for a failure to comply with a former order and decree of said court, in which decree he was ordered to pay a named sum for the support and maintenance of petitioner and her minor children.

The cause was set, issue was joined, and the trial followed.

Upon the completion of the introduction of the evidence, the trial judge entered an order adjudging Dewey Atkins guilty of contempt of court, and as a part of said order the judge decreed:

"It Is, Therefore, Ordered, Adjudged, and Decreed By the Court That the defendant, Dewey Atkins, be and he is hereby held and decreed to be guilty of contempt of court, by willfully failing and refusing and declining to comply with the decrees of this court rendered as above set forth, and the said Dewey Atkins is hereby ordered committed to the county jail of Walker County, Alabama, for a period of five months, unless the said Dewey Atkins purge himself of said contempt by paying such sum or sums for temporary and permanent alimony for the petitioner and such of money for the maintenance and support of his minor children as may be directed by this court to the Register of the court."

Subsequent to the time the above order was entered the contemnor filed a petition for a writ of habeas corpus. The petition was denied and this appeal followed.

In the recent case of Hunter v. State, Ala.App. 37 So.2d 280,[1] we had under review a question involved in a civil contempt proceeding in which a rule nisi was issued by the court in the absence of any petition in support thereof. Because of the apparent conflict in the authorities we were unable to reach a unanimous conclusion. Under the provisions of Title 13, Sec· 88, Code 1940, we certified to the Supreme Court the following abstract questions:

"1. Did the court below have the authority to issue the rule nisi and proceed with the hearing in the absence of the filing of a sworn affidavit setting forth in general terms the facts upon which the alleged contempt was based?

"2. If you answer the above question in the negative, did the charged contemnor waive his right to have the affidavit filed by appearing as ordered and submitting himself to the hearing on the merits without interposing any objections to the proceedings as we have indicated above?"

In the majority opinion the Supreme Court replied:

"There is no statutory or constitutional provision directing the procedure by which a constructive criminal contempt shall be begun.

"But since it involves the power of the court to fine and imprison and sometimes to arrest the accused, the requirements of the Constitution affecting those incidents have application.

"Sometimes a constructive contempt is begun by issuing a warrant of arrest requiring the accused to be held and be heard on the charge. Sometimes it is begun by issuing a citation or rule to him to appear and answer the charge.

"If it is begun by issuing a warrant for his arrest, the requirements of Section 5 of the Constitution must be observed. Section 5 provides that no warrant shall issue to seize any person without probable cause supported by oath or affirmation. So that if a warrant is issued for his arrest prior to his trial on the charge, it should be supported by such oath or affirmation as affords probable cause for doing so.

"But when it is begun by a citation to appear and make defense, it is sufficiently begun and the proceedings are valid if due

1. Post, p. 148.

process is satisfied in Section 6 and the 14th Amendment to the Federal Constitution.

"Due process requires that the accused shall be advised of the charges, and have a reasonable opportunity to meet them. This includes the assistance of counsel, if requested, the right to call witnesses, to give testimony, relevant either to the issue of complete exculpation or extenuation of the offense and in mitigation of the penalty imposed.—Cooke v. U. S., 267 U.S. 517, 45 S.Ct. 390, 69 L.Ed. 767; Ex parte Bankhead, 200 Ala. 102, 75 So. 478; Dangel on Contempt 209, Section 446.

"This does not mean that a written accusation is not essential. But it need not be verified except to support a warrant of arrest under Section 5, supra. But the form of it is not material if it sets out the charges in such manner as to apprise him of the exact nature of it, and what he is called upon to defend.

"The inquiry of the Court of Appeals shows that the accused was not arrested on a warrant, but a citation, or rule was issued to him, which contained a statement of the charges to be answered, and which was full in that respect. The order for the citation was itself a written charge, and the citation was pleading as well as notice.

"We think it is important to give full expression to our views on this subject, in view of the conflict in some of the cases.

"We hold, therefore, that the trial court in the instant case had the authority to issue the rule nisi and proceed with the hearing in the absence of the filing of a sworn affidavit setting forth in general terms the facts upon which the alleged contempt was based. In view of the conclusion which we have here reached, it is unnecessary for us to respond to your second question."

■ It is evident, therefore, that the claimed insufficiency of the petition in the case at bar becomes a matter of no material inquiry. The rule nisi could have been issued and the jurisdiction of the cause obtained without any petition whatsoever.

This position is urged in brief of counsel: "It will be observed that the judgment of the court is not conditioned upon this appellant complying with the former orders of the court. It is conditioned upon his complying with future orders which may be made by the court. This violates that rule of certainty which is of the essence of the conviction and sentence of a person upon charges of criminal contempt."

■ The judgment of the court is not void because it omits to state the exact amount then due under the terms of the former decree. This amount had been fixed by the court in the prior order. The instant proceedings were instituted for the purpose of obtaining appellant's compliance with this previous decree. The language employed in the instant decree makes it evident that only a matter of calculation was required to determine the amount due. Upon the payment of which, the contemnor could purge himself of the contempt and secure his freedom from prison.

■ Counsel calls our attention "to the fact that Alabama statutory law limits punishment for contempt for five days and a fine of fifty dollars." Evidently reference is here made to Title 13, Sec. 143, Code 1940. This section has no application to the character of the contempt with which we are here dealing.

The case at bar, insofar as the punishment is concerned, comes under the influence of the following authorities: Ex parte Dickens, 162 Ala. 272, 50 So. 218; Ex parte Hill, 229 Ala. 501, 158 So. 531; Ex parte Pope, 26 Ala.App. 282, 158 So. 767.

The writ was due to be denied, and the judgment of the court below is sustained.

Affirmed.