39 So.2d 234

### ALSBROOKS v. BARNES.

8 Div. 467.

Supreme Court of Alabama.

Feb. 24, 1949.

Wm. Stell and Travis Williams, both of Russellville, for appellant.

J. Foy Guin, of Russellville, for appellee.

BROWN, Justice.

The appeal in this case is by Mattie Sue Alsbrooks from a decree of the Law & Equity Court of Franklin County, awarding the custody of a four year old child· to her father, Arland Barnes. The appellant was formerly the wife of Arland Barnes and obtained from him a divorce on July 2, 1947. On July 10, 1947, the custody of this child was awarded to her. After the original decree Barnes was permitted to visit the child and have the child for three months every year. When the divorce was granted, appellant married her present husband Alsbrooks. Appellee is unmarried and lives with his father and mother as a member of their family and when the child was carried to the Barnes' home, the grandmother, Mrs. Barnes, gave her proper motherly attention.

On September 23, 1947, the appellant filed a petition in the law and equity court alleging: "Your complainant further avers that she has at all times complied with the above part of said decree but the respondent, Arland Barnes, on August 9, 1947, obtained possession of said child and has refused to let your complainant have the custody of said child as provided in said decree dated July 10, 1947, and states he never intends to let your complainant have the custody of the child." In said petition the petitioner prayed that said Arland Barnes be cited for contempt, and for a peremptory order for the Sheriff of Franklin County to take possession of the child, Bettie Joe Barnes, and deliver her to the petitioner.

In response to this petition the court entered an order on the 23rd of September, 1947, citing Barnes to appear and show cause why he should not be punished for contempt and directed the sheriff to take the child and deliver her to petitioner, which order the sheriff executed on the 23rd of September, 1947, as shown by his return.

Barnes filed an answer to said petition, which alleges, among other things: "This respondent denies that the petitioner has at all times complied with the court's decree. He says that on the day and date of the divorce decree the petitioner had practically abandoned the home of her parents where she was supposed to reside, and was knocking about all over the country; that the minor child of the marriage was actually in the custody of petitioner's parents at the time of the entry of the divorce decree; that thereafter, and until about the 2nd day of September, 1947, said child was sometimes in the home of petitioner's parents Simon and Ima Mitchell, and at other times in the home of respondent's parents Howard Barnes and Mrs. Howard Barnes, this respondent being a member of his father's family; that on or about the 2nd day of September, 1947, the said Simon Mitchell returned such child to the home of the said Howard Barnes, and then and there announced that he and his wife were moving north, and that he thought he had brought the child to the proper people to raise it.

"3. Further answering the said petition and the said citation, this respondent says that when his minor daughter was returned to the home of his parents, same being his own home, the petitioner in this cause was living in open and notorious adultery with one Homer W. Alsbrooks; further, that he, the said respondent, had not had custody at that time of his minor daughter for a period of three months following the divorce decree."

Along with answer he filed petition for a modification of the original decree alleging, among other things: "The petitioner alleges that the said Mattie Sue Alsbrooks and her putative husband have no regular home, but since their purported marriage they have lived in and around Russellville, and lived about from one home to another, always residing with someone else. He further alleges, and charges, that the said Mattie Sue Alsbrooks is not possessed of an independent income of her own, and

her said alleged husband works only irregularly, gets drunk regularly, and is without financial resources; further, that the said Homer W. Alsbrooks is a wicked and profane man, accustomed to using profanity in the presence of his family.

"Your petitioner alleges that the home of his parents where he lives and where he desires that his child be returned, is a Christian home, well ordered and well maintained, where the child is taken regularly to church and Sunday School, and that he, your petitioner, is well able to support his child in that home; that the home where the child now is, is not a Christian home, is not a well ordered home, and is not a home where the child can be properly maintained and brought up."

This petition in turn was answered by the original petitioner, Mattie Sue Alsbrooks. The hearing was set for October 14, 1947. All the witnesses were summoned to appear on that date and numerous witnesses were examined, their testimony covering more than 100 pages of the record, who testified orally in the presence of the court. After such hearing the court entered a decree denying the petition to punish the husband Barnes for contempt and modified the original decree of divorce, reciting:

"Now, on October 17, 1947, the court having carefully considered all of the evidence and having had in mind at all times the general welfare of the said child, it is ordered, adjudged and decreed by the court as follows:

"That the said Arland Barnes shall have the exclusive custody and control of his said child, Bettie Joe Barnes, so long as he permits the said child to reside in the home with and be under the care and guidance of her grandmother, Mrs. Howard Barnes; provided, however, that the mother, Mattie Sue Alsbrooks may visit the said child in the home of Mrs. Howard Barnes at all reasonable hours provided she does so in an orderly and proper manner, but she shall not carry the said child away from the home of Mrs. Howard Barnes, except that on June 1, each year she may carry the said child to her home for a visit but must return the said child to the home of Mrs. Howard Barnes not later than July 1, of the same year. That the said Mattie Sue Alsbrooks shall immediately carry the said child, Bettie Joe Barnes, to the home of Mrs. Howard Barnes and leave her there as provided in this decree. The father and the mother of the child are both enjoined and restrained from carrying the said child out of the State of Alabama at any time.

"In the event an appeal is taken from this decree, the said Arland Barnes shall have the legal custody and control of the said child pending the appeal to the Supreme Court or Court of Appeals. Both the father and mother of the said child are hereby enjoined and restrained from violating any provision of this decree and if they do so they shall be subject to the pains and penalties of this court."

The appellant makes five assignments of error. Assignment 3 is that the court erred in rendering that part of the decree, which is in the following words: "That the said Arland Barnes shall have the exclusive custody and control of his said child, Bettie Joe Barnes, so long as he permits the said child to reside in the home with and be under the care and guidance of her grandmother, Mrs. Howard Barnes; provided, however, that the mother, Mattie Sue Alsbrooks may visit the said child in the home of Mrs. Howard Barnes at all reasonable hours provided she does so in an orderly and proper manner, but she shall not carry the said child away from the home of Mrs. Howard Barnes, except that on June 1st, each year she may carry the said child to her home for a visit but must return the said child to the home of Mrs. Howard Barnes not later than July 1, of the same year." The other assignment, number 4, relates to that part of the decree which provides that the court reporter is not required to transcribe the testimony until she is paid 10 cents per hundred words by the party appealing.

It is well settled that a court rendering a decree of divorce in respect to custody of minor children of the parties may, on subsequent petition where there has been a change of circumstances, modify such decree and the paramount consideration is the welfare of the minor child. Harris v. Harris et al., Ala.Sup., 39 So.2d 232.

■ Without intending to reflect on the character and good name of any of the parties to this proceeding, after careful examination of the evidence presented on this record, we are at the conclusion that it is to the best interest and well being of said minor child that the child, as decreed by the court, be allowed to remain in the custody of her grandmother in the Barnes' home. We do not feel warranted in the face of the evidence in this case in disturbing any part of said decree.

So far as appears from this record, that part of the decree which requires the appellant to pay the court reporter for transcribing the testimony has ceased to be a justiciable controversy. The question is moot.

We find no reversible errors on the record and the decree is due to be affirmed. It is so ordered by the court.

Affirmed.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.