39 So.2d 232
### HARRIS v. HARRIS et al.
### 7 Div. 935.

Supreme Court of Alabama.
Feb. 24, 1949

C. A. Wolfes, of Fort Payne, for appellant.

688

Leonard L. Crawford, of Fort Payne, for appellees.

LIVINGSTON, Justice.

This proceeding was instituted by Ethel Mae Harris for the custody of her infant son, William Jackson Harris, who is now about five years of age. Respondents are William Melford Harris, father of the minor, and W. J. Harris and Effie Harris, the paternal grandparents of said minor.

The cause was tried in the Circuit Court, in Equity, of DeKalb County, and was submitted for final decree on the pleadings and the testimony of witnesses taken by depositions. The rule is, of course, that when a cause is tried in the court below in this manner, this Court indulges no presumption that the trial court correctly found the facts and, on appeal, must sit in judgment on the evidence. Blair v. Jones, 201 Ala. 293, 78 So. 69; Knowles v. Knowles, 246 Ala. 228, 20 So.2d 200.

This duty we have performed with a deep sense of responsibility for the best interest and welfare of the infant, whose interest and welfare are paramount and controlling.—Payne v. Payne, 218 Ala. 330, 118 So. 575; James v. James, 242 Ala. 140, 5 So.2d 616; Cronin v. Cronin, 245 Ala. 309, 16 So.2d 714; Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392; Worthy v. Worthy, 246 Ala. 52, 18 So.2d 721; Greene v. Greene, 249 Ala. 155, 30 So.2d 444.

But this does not imply that in dealing with such delicate and often difficult question, the law disregards the natural right of the parent to the custody, companionship, care and bringing up of his or her child, and one who denies such right assumes the burden of proof to sustain the denial.—In Chandler v. Whatley, 238 Ala. 206, 189 So. 751, Mr. Justice Bouldin, writing for the Court, quoted the following from Striplin v. Ware, 36 Ala. 87:

"The law devolves the custody of infant children upon their parents, not so much upon the ground of natural right in the latter, as because the interests of the children, and the good of the public will, as a general rule, be thereby promoted. It is a fair presumption, that so long as children are under the control of their parents, they will be treated with affection, and their education and morals will be duly cared for. When, however, this presumption is removed, and the morals, safety, or interests of the children, strongly require their withdrawal from the custody of the father or mother, the court of chancery (which is the general guardian and protector of all infants within its jurisdiction) will interfere, and place the care and custody of them elsewhere.—2 Kent 205, 220-7; 2 Story's Eq. § 1340; Wellesley v. Wellesley, 2 Bligh. 128-30; DeManneville v.

DeManneville, 10 Vesey Jr. 63 etc.; 3 Lead. Cases Eq. (Edit. 1859) 270.

"Although this jurisdiction is firmly established, and seems indispensable to the morals, the good order, and the just protection of civilized society, it is admitted to be one of extreme delicacy, and of no inconsiderable embarrassment and responsibility.—2 Story's Eq. § 1340. So strong is the presumption, that 'the care which is prompted by the parental instinct, and responded to by filial affection, is most valuable of all'; and so great is the reluctance of the court to separate a child of tender years from those who according to the ordinary laws of human nature, must feel the greatest affection for it, and take the deepest interest in its welfare,—that the parental authority will not be interfered with, except in case of gross misconduct, or where, from some other cause, the parent wants either the capacity or the means for the proper nurture and training of the child. Where a contest for the custody of a child arises between its father or mother and a third person, the superior claim of the parent ought not, in our opinion, to be disturbed, unless it plainly appears that the interests of the child require it to be set aside." And in Hammac v. Hammac, 246 Ala. 111, 19 So.2d 392, 393, we said:

"Where a child is of such tender age as to require the care and attention that a mother is especially fitted to bestow upon it, the mother, rather than the father, is the proper custodian, unless, of course, for some reason she is unfit for the trust."

■ The decree of the trial court awarded the custody and control of the infant to the respondents W. J. Harris and Effie Harris, the paternal grandparents, pending the further orders of the court, and with the right of visitation on the part of complainant. To sustain this decree the proof must be clear and satisfactory, not merely comparative or speculative, that the interest and welfare of the child require it. But no inflexible rule can be laid down by which unfitness of the parent may be determined, but each case must be decided upon its own peculiar facts.—Chandler v. Whatley, supra.

We will not attempt a detailed analysis of the rather voluminous evidence, as it would serve no useful purpose here, but will state what seems to be the salient features.

The parents of the child are now divorced, with no apparent hope of a reconciliation. They were married on December 25, 1941, while the father was in the Armed Forces of the United States. It appears that from the beginning their married life was not harmonious, and was punctuated by one or more separations before the one ending in divorce.

When this suit was instituted the child was, and had been for approximately two years (with the mother's consent) in the custody and control of his paternal grandparents, the respondents W. J. and Effie Harris. On July 8, 1946, before this proceeding was instituted in January 1947, the parents of the child signed an instrument in writing consenting to the legal adoption of their son by the respondents W. J. and Effie Harris. Complainant testified that she did not know what she was signing, but we are not inclined to accord much weight to the denial. To say the least, we are fully persuaded by the evidence that the mother made no serious effort to retain or gain the custody of the infant from the time he was eighteen months old until her husband obtained a divorce, and the grandparents started proceedings to legally adopt him.

Complainant is twenty-five years old and unemployed, but her father testified to a willingness and readiness to give his daughter and her child a home with him and complainant's mother in Macon, Georgia. There is nothing in the record in any way reflecting upon the character and integrity of complainant's parents.

The Harris home, in which the minor now resides, and in which he has resided most of his life, is shown to be good, both as to physical aspects and moral surroundings. The child is apparently contented and happy, and is being given the care and attention necessary to the well being of a child of tender years. The father of the child made no claim of his desire to assume

his custody, nor of his ability to care for and support him.

Although there is considerable conflict in the testimony, we are fully persuaded that complainant is immature and irresponsible, and does not at the present time possess the temperament and attitude toward the child which are conducive to his best interest and welfare.

Equity courts are always open for the protection of minors. Although the custody of a minor is once fixed by a decree of the court, changed conditions and circumstances may justify its alteration or modification.

We have given the entire evidence our careful consideration, and are fully persuaded that the decree of the trial court should be affirmed. It is so ordered.

Affirmed.

BROWN, SIMPSON and STAKELY, JJ., concur.