39 So.2d 384

**HILL v. GAY et al.**

**6 Div. 822.**

Supreme Court of Alabama.

March 17, 1949.

T. K. Selman and R. L. Newton, both of Jasper, for appellant.

Curtis, Maddox & Johnson, Chas. E. Tweedy, Jr. and Jas. L. Beech, Jr., all of Jasper, for appellees.

STAKELY, Justice.

Ralph Edward Gay, a boy 10 years of age, Sarah Ann Gay, a girl 9 years of age and James Harold Gay, a boy 8 years of age, are the children of Knolton Gay (appellee) and his former wife Hazel Gay Hill (appellant). This case is concerned with the custody and control of these children. Hazel Gay Hill filed a petition to modify a former decree of the County Court of Walker County, in Equity, in which the custody and control of the children had been given to Knolton Gay. The petition is based on alleged changed conditions. Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205. Jess West and his wife, the parents of Hazel Gay Hill and maternal grandparents of the children intervened in the case to contest the petition of their daughter. The court denied the petition to modify its previous decree and ordered the children to remain in the care and custody of their father, Knolton Gay, at the home of their grandparents, Mr. & Mrs. Oscar Gay, Hazel West Gay to be permitted to see and visit the children at reasonable times. The appeal here is from that decree.

The evidence is voluminous but it has been considered with great care. We feel great responsibility to these children and note the painstaking effort of the trial judge, as shown by his analysis of the evidence, to do what is best for the children. Their welfare is of course the controlling factor. McLellan v. McLellan, 221 Ala. 363, 129 So. 1; Blankenship v. Blankenship, 248 Ala. 489, 28 So.2d 409. No good purpose would be served by setting out the evidence here in detail. James v. James, 242 Ala. 140, 5 So.2d 616. All four grandparents think it best for the children to remain with their father in the home of the

paternal grandparents. The youngest child did not attempt to testify but the two oldest children testified that they wished to remain where they now are. Garrett v. Mahaley, 199 Ala. 606, 75 So. 10; Neville v. Reed, 134 Ala. 317, 32 So. 659, 92 Am.St. Rep. 35. The minister in the community and the principal of the local school as well as others, vouch for the wholesomeness of the present situation of the children. The court heard the witnesses orally before it. Since we cannot say that the decree is palpably wrong, it will not be disturbed. Johnson v. Johnson, 215 Ala. 487, 111 So. 207.

Affirmed.

BROWN, FOSTER and LAWSON, JJ., concur.