68 So.2d 834

**ARMSTRONG v. GREEN et al.**

**4 Div. 718.**

Supreme Court of Alabama.

Aug. 6, 1953.

Rehearing Granted Nov. 27, 1953.

Frank J. Mizell, Jr., Montgomery, for appellant.

Cope & Cope and Richard B. Stone, Union Springs, for appellees.

STAKELY, Justice.

On May 19, 1944, a decree was rendered in the equity court granting Eula Edith Green, now Eula Edith Green Armstrong (appellant), a divorce from Comer F. Green (one of the appellees). Under the

terms of the decree custody of the minor child Jacqueline Green, who was at the time about one year old, was awarded to appellant and the aforesaid appellee was ordered to pay to the appellant the sum of $35 per month for the support and maintenance of the child. The present proceeding was instituted by appellant by filing a petition for a rule to show cause why the appellee should not be adjudged in contempt of court for his failure to make the monthly payments. The appellee answered denying that he had been guilty of any contempt and alleged that there had been a material change in the circumstances of the parties since the rendition of the original decree and asking that the question of custody of the child be reconsidered and redetermined by the court. The appellant took issue on the allegations of the answer of appellee and by cross-petition asked that the monthly allowance of $35 be increased.

Mrs. S. P. Green (one of the appellees), the paternal grandmother of the child, asked for permission to intervene and prayed for the custody of the child. Testimony was taken orally before the court on three issues made by the pleadings: (1) Was the appellant Comer F. Green in contempt of court? (2) Who was entitled to the custody of the child? and (3) Assuming that appellant was entitled to the custody of the child, was she entitled to an increase in the allowance for her support?

According to the evidence, at the time the original divorce decree was rendered, the appellant was residing with her mother and father, Mr. and Mrs. Ray Farmer, and appellant and her child continued to reside with her parents for about one year. Thereafter she remarried and moved to Panama City, Florida, leaving the child with her mother and father. According to the evidence, Mr. and Mrs. Farmer have had the actual custody of the child continuously from that time up to and including the time that this proceeding was instituted, except for a short interval. During 1949 and 1950 the child spent part of the year with the appellant in Wewahitcka, Fla. During the entire period since 1945, except for the interval referred to, the appellant lived in Panama City and Mr. and Mrs. Farmer lived in Lynn Haven, Wewahitcka and Fort Walton, Fla. While living in Fort Walton, Mr. and Mrs. Farmer operated a night club.

Tendencies of the evidence show that during the first year after the divorce, payments for support were made. During the time the appellant had the child in Wewahitcka, Fla., some payments were made. Since that time the child has been maintained and supported by Mr. and Mrs. Farmer, the mother and father making contributions from time to time. Mr. and Mrs. Farmer never made any demands on the appellee for support of the child. Furthermore they never asked for, expected or wanted support for the child and in the present proceeding they are not asking that they be repaid for the maintenance and support of the child.

The evidence shows that Mrs. S. P. Green, the paternal grandmother of the child, is a woman of fine moral character. She owns a good home with all modern conveniences, located in a good rural area with churches and schools available and she is in every way a suitable person to have the custody of the child and rear her in a proper home and environment.

Mr. and Mrs. Farmer do not ask for the custody of the child.

Appellant, who has remarried and has a child by her second marriage, now owns a home in Panama City, Fla., provided by her father where she would expect the child to reside with her. However she is employed and would not be able to attend to the child personally during the day but would expect her to be supervised by the mother of her present husband. The record appears to be silent on the moral character of the present husband of appellant and his mother and their environment.

The court in its decree found Comer F. Green not guilty of contempt of court and the rule to show cause was dissolved. Furthermore the court gave the custody of the child, Jacqueline Green, to Mrs. S. P. Green, provided that the complainant Mrs. Eula Edith Green Armstrong and Mr. and Mrs. Farmer should have the right of visitation with the child

from time to time as may be agreed upon between the parties and if unable to agree, the parties may then apply to the court for an order regarding the same. The court further ordered that Comer F. Green shall pay to Mrs. S. P. Green the sum of $35 per month on the first day of each month from the date of the decree for the support and maintenance of the minor child. The appeal here is from the aforesaid decree, with a petition and prayer in the alternative for a writ of mandamus or such other appropriate relief as the appellant may be entitled to in the premises. Certiorari is the proper way to review the action of the court in refusing to commit for contempt. Ex parte Dickens, 162 Ala. 272, 50 So. 218; Ex parte Hill, 229 Ala. 501, 158 So. 531. See Atkins v. State, 34 Ala.App. 101, 40 So.2d 444, certiorari denied 252 Ala. 227, 40 So.2d 446. Under the general prayer of the petition, the petition can be considered as a petition for certiorari.

There appears to be some difference in the testimony as to the amount paid by Comer F. Green under the original decree rendered in 1944. However it appears that the amounts which he paid cover the amounts substantially required during the first year after the divorce decree. Beyond this Comer F. Green does not deny his failure to make the ordered payments or his ability to make such payments.

It is the insistence of the appellant that Comer F. Green was guilty of contempt upon failure to comply with the decree for support of his minor child when he was admittedly able to do so and furthermore that the accrued installments under the decree are vested and beyond the court's power to destroy or release. In the present case under the decree of divorce the amounts to be paid by Comer F. Green to the appellant were for the support and maintenance of the minor child. Under the evidence after the first year from the decree of divorce, the child has been adequately supported by Mr. and Mrs. Farmer, the parents of the appellant, without expectation or desire on their part for reimbursement.

The weight of authority appears to be to the effect that proceedings to enforce a decree for the support and maintenance of a child are subject to any valid defense against the required payment. 27 C.J.S., Divorce, § 321, pages 1227–1228. See 17 Am.Jur. p. 536.

In Gainsburg v. Garbarsky, 157 Wash. 537, 289 P. 1000, there was an order requiring the father to make periodic payments for the support of the child. But thereafter the father had custody and support of the child for a period of several years. It was held that the mother could not recover the payments for that period. This is a good illustration of the proposition that an order for the payment of money for the support of a minor child is subject to any valid defense. We make the observation that if the appellee had had the custody of the minor child during the entire period and had supported the child, under the appellant's contention, he would still be liable for the full amount ordered to be paid. As a matter of fact Mrs. S. P. Green actually had custody for eight months and supported the child for that period and yet appellant asks that she be paid for the support of the child for that period. In the case of Mason v. Mason, 148 Or. 34, 34 P.2d 328, it was held that a wife who had abandoned the children was not entitled to recover payments during the period of abandonment. In the case of Anderson v. Anderson, 207 Minn. 338, 291 N.W. 508, the wife intentionally violated the terms of the decree by taking the child out of the jurisdiction of the court and it was held that she was thereby precluded from enforcing accrued installments for the support of the child.

We have here a question of first impression in Alabama. In a situation where the child has been adequately supported by third persons without expectation and we might add in this case without desire for reimbursement, it does not seem reasonable that the mother can have any standing in an action brought by her for the unpaid installments. When the mother parted with the custody of the child and placed it in the custody of a third person, who supported the child, surely the mother cannot recover for support which she never accorded the child. Nothing has been lost to the child by the default of the father and the breach

by the husband of the duty to pay would be merely technical. To award to the mother in the present instance for the benefit of the child a sum representing the amount unpaid, would be an unjust and inequitable enrichment.

"If the wife did not pay for the support of the child and such support was voluntarily furnished by a third party, or if she paid for such support without expecting to be reimbursed by the husband, then, of course, the money to be paid under the award for the child's benefit was not required, and nothing was lost to the child by plaintiff's default. Then the breach by the husband of the duty to pay would be only technical. To award either to the mother, for the benefit of the child, or directly to the child, a sum representing the amount unpaid would be an unjust and inequitable enrichment. Neither of them could recover in an action. * * * Under such circumstances, in the exercise of discretion, plaintiff should not be punished for contempt. Power to punish for contempt is discretionary. * * *" Silkworth v. Silkworth, 255 App.Div. 226, 7 N.Y.S. 2d 369, 370.

See also Swanton v. Curley, 273 N.Y. 325, 7 N.E.2d 250; Probst v. Probst, 259 App.Div. 1090, 21 N.Y.S.2d 294; Viall v. Viall, 263 App.Div. 548, 33 N.Y.S.2d 975; Nelson, Divorce and Annulment, Vol. 2, p. 334; 27 C.J.S., Divorce, § 321, page 1228.

In the case of Smith v. Smith, 255 App. Div. 652, 9 N.Y.S.2d 188, plaintiff brought an action in New York to recover unpaid arrears on a judgment for divorce previously granted by the New Jersey Court which provided, among other things, that the husband should pay $10 each week for the support of the infant child whose custody was awarded to the wife. The decree of the New Jersey Court had never been modified. The case of Smith v. Smith affirms the doctrine announced in the Silkworth case, supra. This doctrine has since been followed in the cases of Edelman v. Siegel, Sup., 98 N.Y.S.2d 826, 827; Parker v. Parker, Mun.Ct.N.Y., 34 N.Y.S.2d 264, 265; Viall v. Viall, 263 App.Div. 548, 33

N.Y.S.2d 975. Among other things in Smith v. Smith, supra, the court said [255 App.Div. 652, 9 N.Y.S.2d 194]: "The question is not whether the husband has failed in his duty to pay for support as directed; but whether the child has been deprived of maintenance and education." The court further said: "The judgment stands as one to which full faith and credit must be given. It constitutes a debt against which no defense originally available to defendant is now valid; but that does not deprive the defendant of defenses, either legal or equitable, arising since the rendering of the judgment. A legal defense would be subsequent payment, either by the judgment debtor or by a volunteer. * * * If such support has been provided either by plaintiff or by a volunteer who acted without expectation or claim of reimbursement, the debt is paid. * * * The obligation of the father to support his child always exists; but is measured in this case in definite terms by the judgment. The payment by another without expectation of reimbursement would satisfy the obligation. Neither the wife nor the child would be aggrieved, if, though the father were recreant, support and maintenance had been supplied. * * *"

■ Our decisions make it abundantly clear that the paramount question is the best interest and welfare of the child. We consider it to be undeniable that where the custody of a child is before the court, the court may grant custody to the mother or father or to a third party, depending entirely on the best interest and welfare of the child. Harris v. Harris, 251 Ala. 687, 39 So.2d 232; Alsbrooks v. Barnes, 251 Ala. 684, 39 So.2d 234; Arnold v. Arnold, 246 Ala. 86, 18 So.2d 730.

■ In a proceeding of the present character after the decree of divorce, the party seeking a change must allege and show some change of conditions or other substantial reason for a modification of the previous decree. Padgett v. Padgett, 248 Ala. 234, 27 So.2d 205.

■■ On the day of the hearing before the court Mrs. S. P. Green showed that she was willing to accept the custody of the child and we think that the court had the

right and the power to adjudge that under all the facts and circumstances of the case, it was for the best interest of the child to grant the custody of the child to her. In addition to what the evidence shows about Mrs. S. P. Green, as hereinabove set forth, we gather from the record that a great love and affection exists between the child and her paternal grandmother. Since the original decree the mother has surrendered the custody of the child. She has remarried and has a child by the second marriage. She will not be able to give the child the personal supervision so necessary to the child. On all these matters the witnesses testified orally before the court. We are not willing to say that the court was palpably wrong in entering its decree. Hill v. Gay, 252 Ala. 61, 39 So.2d 384. Of course the parent has a natural right to the custody of his minor child but this general rule is subject to the paramount issue as to what is for the best interest of the child. Harris v. Harris, supra; Alsbrooks v. Barnes, 251 Ala. 684, 39 So.2d 234.

A motion has been made here to dismiss the appeal in this case on the theory that the appellant is in contempt of court in not turning over the custody of the child as required by the decree of the court. In view of the fact, however, that we are holding the decree of the lower court to be correct, we find it unnecessary to take action on the motion at this time. If in the future there should be a failure to deliver custody of the child in accordance with the decree of the court, an appropriate petition can be made to the lower court for such relief as may be necessary and warranted.

The decree of the court is in all respects correct.

Writ denied and decree affirmed.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.

LAWSON and SIMPSON, JJ., dissent as to that phase of the opinion which deals with the custody of the child.

SIMPSON, Justice (dissenting).

The holding transferring custody of the infant Jacqueline Green from the mother to her paternal grandparents impresses me as at total variance with the recognized principles governing such cases. Therefore, with respect to that part of the opinion, I respectfully dissent.

Custody was awarded to her mother when the child was one year old and she has resided with her mother or her maternal grandparents almost continuously since that time, though she has visited her paternal grandparents. She is now eight years old and there is nothing to indicate the lack of fitness on the part of the mother to retain custody. Indeed, the evidence shows that she has remarried, established a home and intends that the child live with her and from aught appearing is entirely a fit and proper person to rear her young child.

The holding of this court has been that before the custody of a small child will be transferred from the mother where it has been reposed, unless there are changed conditions for the worse, the evidence must satisfactorily establish that she is not a fit and suitable person to have custody. Gresham v. Gresham, 248 Ala. 393, 27 So. 2d 876.

And the unfitness which would deprive a parent of the right to custody of a child must be positive and not merely comparative or speculative and must be shown by clear and satisfactory proof, the burden of proof being on the person contesting the parent's right to such custody. Chandler v. Whatley, 238 Ala. 206, 189 So. 751.

It is a well-nigh universal concept that a child of tender years, especially a daughter, requires the care and attention of her mother and that the mother rather even than the father is generally regarded as the proper custodian if a fit person in that respect. McGregor v. McGregor, 257 Ala. 232, 58 So.2d 457.

It seems clear to me that to wrench the child from her present permanent status with her mother and her mother's parents, which has been of long standing, and place her in custody of others in a different locale, regardless of the affection which the paternal grandparents might bestow upon her, would be definitely against the best interest of the child.

I, therefore, wish to register this dissent.

LAWSON, J., concurs.

 

## On Rehearing.

**PER CURIAM.**

 On application for rehearing LAWSON, SIMPSON, GOODWYN, MERRILL and CLAYTON, JJ., are of the opinion that a rehearing should be granted, so as to reverse the holding of the lower court on the question of contempt of Comer F. Green. This position is based on the theory that installment payments decreed in a divorce for support and education of the minor child of a marriage become final judgments as of the dates due and may be collected as other judgments. In support of this view they cite the following authorities: Sistare v. Sistare, 218 U.S. 1, 30 S. Ct. 682, 54 L.Ed. 905; State ex rel. Casey v. Casey, 175 Or. 328, 153 P.2d 700, 172 A. L.R. 862; Whitby v. Whitby, 306 Ky. 355, 208 S.W.2d 68; Brown v. Brown, 66 Idaho 625, 165 P.2d 886; Adair v. Superior Court, 44 Ariz. 139, 33 P.2d 995, 94 A.L.R. 328; Hicks v. Hicks, 26 Tenn.App. 641, 176 S.W. 2d 371; Reynolds v. Reynolds, 192 Okl. 564, 137 P.2d 914; Andrews v. Andrews, 171 Kan. 616, 237 P.2d 418; Bush v. Bush, 82 Ohio App. 255, 75 N.E.2d 832; Shuff v. Fulte, 344 Ill.App. 157, 100 N.E.2d 502; Millard v. Millard, 102 Cal.App.2d 249, 227 P.2d 477; Korczyk v. Solonka, 130 W.Va. 211, 42 S.E.2d 814.

 Accordingly, the decree of the lower court is reversed and the cause remanded on that phase of the decree of the lower court and it is held that Comer F. Green became guilty of contempt upon failure to comply with the decree of the court when he failed to pay the accrued installments provided for in the decree. The court will enter an order giving Comer F. Green such additional time as it deems advisable to comply with the decree of divorce as to payments which are in arrears for the maintenance and support of the minor child, Jacqueline Green, provided that no payment shall be required until Jacqueline Green is first given to Mrs. S. P. Green for custody and control as provided by the decree of the court.

As to this holding of contempt LIVINGSTON, C. J., and STAKELY, J., dissent.

On that phase of the decree which granted custody of the child, Jacqueline Green, to Mrs. S. P. Green, LIVINGSTON, C. J., and STAKELY, MERRILL and CLAYTON, JJ., are of the opinion that the decree of the lower court in that respect should be and is hereby affirmed. LAWSON, SIMPSON and GOODWYN, JJ., dissent.