■ ALICE KOCOUREK, Appellant, v. JOHN KOCOUREK, Respondent.— Appeal by plaintiff from an order of the Supreme Court at Special Term in Chemung County which (1) denied plaintiff's motion to punish defendant for contempt of court in failing to pay alimony and support of $8,220, without prejudice to plaintiff's pursuing any other remedy for collection of the amount, (2) directed defendant to pay $250 as attorney's fees, costs and disbursements, and (3) denied without prejudice to renewal defendant's cross motion to be relieved of all payments to plaintiff and to be awarded custody of the two children of the marriage. In 1947, plaintiff obtained a decree of divorce from defendant whereby she was awarded custody of the two children of the marriage and alimony and support of $30 each week. In August, 1949, the children, who were eight and ten years old, respectively, began living with the defendant. Whether the children went to live with the defendant because of their own desire or because he enticed them from the plaintiff is disputed. However, at no time has plaintiff taken any legal action to regain actual custody of the children, who have remained with the defendant and have been fully supported by him. From 1949 until the commencement of the contempt proceeding, which was returnable before Special Term on January 8, 1955, plaintiff did not attempt to collect any money from defendant. Since it is undisputed that defendant has fully supported the children in his own home, there is no reason why defendant should be held in contempt for failure to pay that part of the sum which represents support payment for them. It cannot be held that defendant's failure to pay plaintiff for their support prejudiced her in any way. Whether defendant should be punished for his failure to pay that part of the sum which represents alimony for plaintiff, is a matter of discretion resting with Special Term (*Silkworth* v. *Silkworth*, 255 App. Div. 226). Plaintiff's long delay in attempting to enforce alimony payments was a factor properly considered (*Aron* v. *Aron*, 281 App. Div. 677). Under all the circumstances, we do not believe the decision of Special Term to be erroneous. Order unanimously affirmed, without costs. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HOWARD A. SMITH, Appellant.— Appeal from a judgment of the Schenectady County Court rendered June 22, 1950, convicting defendant of the crime of attempted sodomy after trial upon an indictment for sodomy. We find the trial free from error and the evidence ample to sustain the jury's finding. The court's charge was clear, complete and eminently fair; no exceptions were taken to it and defendant's requests to charge were granted. The sentence imposed was proper. Counsel assigned to prosecute this appeal carefully examined the record and frankly states that he finds no error in the rulings during the trial, in the court's charge or in the sentence and no indication that defendant did not receive a fair and impartial trial. Judgment of conviction unanimously affirmed. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.