Harold J. MASON, Appellant,

v.

Doris Pearl BRITTINGHAM, also known as Doris Pearl Mason, Appellee.

No. 16236.

United States Court of Appeals Fifth Circuit.

Oct. 16, 1956.

Rehearing Denied Nov. 26, 1956.

Norman E. Moon, Edward W. McDonald, McDonald & Moon, Birmingham, Ala., for appellant.

Marvin Cherner, Louis Fleisher, Birmingham, Ala., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and BROWN, Circuit Judges.

RIVES, Circuit Judge.

On November 4, 1940, the Superior Court of Muscogee County, Georgia rendered a decree of divorce between the present parties, providing in part:

"Custody of child, Harold Eugene Mason, is hereby granted to petitioner, Doris Pearl Mason, and Five ($5.00) Dollars per week is hereby granted to Petitioner for the support and maintenance of the child, Harold Eugene Mason."

This action was brought for the recovery of the accrued weekly payments provided by that decree. The district court directed the jury to return a verdict for the plaintiff computing the amount thereof to include interest to the date of their verdict. From the judgment which followed, this appeal is prosecuted. The sole insistence is that a jury question was presented as to whether the obligation had been satisfied because the child had been supported by his mother or step-father or both without expectation of reimbursement.

The plaintiff testified as follows:

" * * * that the Defendant Harold J. Mason has never paid to Plaintiff any sum adjudged to be paid by him pursuant to said decree of divorce (Plaintiff's exhibit No. 1); that there is now accumulated and unpaid from the Defendant pursuant to the terms of the said decree of divorce the sum of $3,855.00, exclusive of interest.

"On cross-examination * * * the witness testified as follows:

"That she and the Defendant separated when their child, Harold

Eugene Mason, was two days old; that she next saw Mr. Mason when the child was six weeks old; that the next and last time she saw the Defendant the child was nine months old, prior to her divorce; that she re-married following her divorce to Mr. Brittingham on the 23rd day of November 1940; that since said time the child, Harold Eugene Mason, has lived in the home with her and her present husband; that during such time Mr. Brittingham has been employed and has provided food, shelter, and clothing for her and child; that the Plaintiff has also worked during the past years and has provided food, shelter and clothing for the child; that she did not know the whereabouts of the Defendant until the year 1948 at which time he visited the child in her home; that during the years following the divorce until the year 1948 she wrote the Defendant's mother a letter inquiring as to his whereabouts, but that she received no answer thereto; that thereafter in January 1952 she stayed with the Defendant and his wife for four days in their home in Birmingham, Alabama; that during the visit in the Defendant's home she requested help from the Defendant for the child and at that time he promised to help her; that thereafter the Defendant obtained medical treatment for the child who has an afflicted arm and side and also furnished a small amount of clothing totaling approximately $100.00 to the child."

The defendant did not take the stand, but introduced his answer to plaintiff's interrogatory No. 2 as follows:

"About the early part of 1951, the Plaintiff and my son visited me here in Birmingham, and stayed in the home with me and my wife. At that time the boy was suffering from a disability in his leg and arm which he had suffered from an injury in childhood. At that time with the consent of the Plaintiff, his mother, I took the boy to Dr. L. L. Stabler and Dr. Garber Galbraith for medical treatment. I also bought clothing and other necessities for the boy at that time. At that time I paid the doctors approximately $250.00 for their services. I also paid approximately $135.00 or $140.-00 for clothing consisting of a suit, several pairs of underwear, shoes and various other articles of clothing. This was all purchased at Sears, Roebuck and Company here in Birmingham. I cannot furnish you any better date since the clothing was purchased for cash. The Plaintiff and the boy stayed in my home about one week during which time he received the medical treatment; they then returned to their home in Columbus, Georgia. After a short period elapsed the boy returned to my home during Christmas of 1951 and stayed a few days. At this time I purchased another $75.00 worth of clothing for him at Loveman's, Birmingham, Alabama, as best I remember. A few weeks after the boy returned to Columbus, Georgia, his mother called me, telling me the boy was sick and needed medical attention, to send some money. Instead of sending same I took the money to Columbus. When I arrived at Columbus the boy was not sick, but I took him and his mother to Sears, Roebuck & Company in Columbus, Georgia, and bought more clothing for the boy which amounted to approximately $100.00. Along with the clothing I gave him $10.00 in cash for his personal use. His mother was present when I gave it to him. Since that time I have sent approximately $100.00 to the boy in care of his grandmother at Columbus. This money was sent by Western Union Money Order. This

is all the money or items that I have furnished or paid money for the boy."

There were no other witnesses.

The jury in their verdict computed the amount due with interest at $5,000.00, and that amount was not questioned by subsequent motion. Appellant's brief frankly states, " * * * the defendant admittedly having paid in cash, himself, only an insignificant amount in the last few years, the question becomes solely whether he may show payment or satisfaction by others as a defense to such an action."

The award of the Georgia decree while payable to the mother was "for the support and maintenance of the child." We may assume that appellant is correct in the proposition of law which he asserts that the mother cannot recover for support which she neither had furnished nor would accord the child, and which a volunteer had assumed without expectation of reimbursement.[1] There was an entire absence of evidence, however, that either the mother or the stepfather had assumed the obligation of the child's support voluntarily to relieve the defendant of his judgment debt, or without expectation, however unhopefully, of reimbursement. It would be most unusual for any such intention to exist in the mind of a mother or of a stepfather conscious of obligations to the child but under no duty to his delinquent father. Absent any such intention, the mere fact that the child has been supported, and hence is still alive, furnished no defense to the appellant. Moreover, at the time of the district court's judgment, the child had not yet attained the age of eighteen years and he still required support and maintenance which the mother could reasonably be expected to furnish. The judgment was right and it is

Affirmed.

[1]. The appellant cites Smith v. Smith, 255 App.Div. 652, 9 N.Y.S.2d 188, and Armstrong v. Green, 260 Ala. 39, 68 So.2d 834, among other authorities.