E. S. HUTCHINSON *et al.* v. ANDREW S. NELSON *et al.*
No. 12,192.  (65 Pac. 670.)

SYLLABUS BY THE COURT.

CIVIL PROCEDURE— *Garnishment — Condition Precedent.* Where garnishment proceedings are resorted to after judgment, to give validity to the proceedings there must be a valid execution issued and outstanding on the judgment at the time of the issuance and service of the summons in garnishment.

Error from Sedgwick district court; D. M. DALE, judge.  Opinion filed July 6, 1901.  Division one. Affirmed.

*Sankey & Campbell*, for plaintiffs in error.

*R. L. Holmes*, and *Hiram Norcross*, for defendants in error.

The opinion of the court was delivered by

POLLOCK, J.: On the 10th day of June, 1897, by consideration of the district court of Sedgwick county, plaintiffs in error recovered a judgment against defendants in error, Andrew S. and Lottie Nelson, for the sum of $470.50.  Thereafter, and on the 26th day of February, 1898, upon affidavit and bond made and filed for such purpose, a summons in garnishment was issued and served on defendants, the Nelsons, and the Fourth National Bank of Wichita, Kansas, as garnishee, the purpose of this proceeding in garnishment being to subject to the payment of said judgment a sum of money upon deposit in the bank in the name of A. S. Nelson, agent.  The defendants therein, the judgment debtors, and the garnishee, the Fourth National Bank, filed their separate motions to quash the summons in garnishment and service thereof, al-

leging, among other grounds therefor, that there was no valid execution issued and outstanding on said judgment at the time the summons in garnishment was issued and served, which motions were sustained, and this proceeding in error is prosecuted therefrom.

The sole question arising for our determination upon this record is, Where proceedings in garnishment are resorted to after judgment, to give the proceedings validity, must a valid execution have issued on the judgment and be outstanding at the time of the issuance and service of the summons in garnishment?

A proceeding in garnishment is a special and extraordinary remedy given by statute, and can be resorted to only at the times and upon the conditions expressly authorized and imposed by statute. Section 2, chapter 151, Laws of 1889 (Gen. Stat. 1901, § 4635), provides the times when, and the conditions upon which, a proceeding in garnishment may be resorted to in this state, as follows :

"Either at the time of the issuing of the summons, or at any time thereafter before final judgment, in any action to recover damages founded upon contract, express or implied, or upon judgment or decree, or at any time after the issuing, in case of an execution against property and before the time when it is returnable, the plaintiff or some person in his behalf shall file with the clerk an affidavit stating the amount of plaintiff's claim," etc.

This statute is exclusive and conclusive of the right of a party to resort to proceedings in garnishment to secure or compel payment of his claim or judgment, and, by its express provision, denies the right of using this extraordinary remedy after plaintiff's claim has been placed in judgment, except where an execu-

tion has issued on the judgment and before its return ; in other words, in aid of execution on the judgment.

This is not only the natural and reasonable construction of this statutory provision, and the one that must be arrived at from an examination of the terms of the statute itself, but, if the construction we have placed upon this statute were involved in doubt, other considerations would compel us to give it the same construction here placed upon it. In the year 1889, this provision of our statutory law was taken bodily from the statutes of the state of Wisconsin, and, before its adoption in this state, it had received construction from the supreme court of that state, and the construction there given is in harmony with the views herein expressed. (*Kentzler v. The C. M. & St. P. Rly. Co., Garnishee,* 47 Wis. 641, 3 N. W. 369; *Sanger v. Guenther, Garnishee, etc.,* 73 id. 354, 41 N. W. 436.)

It follows that the action of the trial court in quashing the summons in garnishment and the service thereof, because based upon no valid outstanding execution upon the judgment sought to be enforced, must be sustained.

The judgment of the trial court is affirmed.

DOSTER, C. J., JOHNSTON, GREENE, JJ., concurring.