No. 30,011.

AMY O. RAFTER, *Appellant*, v. ROBERT J. HURD, JAMES T. RAFTER and THE RAFTER FARM MORTGAGE COMPANY, *Appellees*.

(300 Pac. 1078.)

Opinion filed July 3, 1931.

*F. G. Drenning*, of Topeka, for the appellant.
*M. A. Bender*, of Holton, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: The appeal in this case is from an order dismissing and dissolving the garnishment proceedings and discharging

the garnishees from the requirement of making answers. The grounds of the motions as stated in the first motion are "for the reason that the same is not authorized by statute," and as stated in the second motion are "for the reason that the action is not upon any final judgment or in an action to recover damages founded upon contract, express or implied."

The appellant has most ably and convincingly briefed these legal propositions and applied them to the allegations of the petition, but from the brief of the appellee we learn that defects and irregularities in the issuance and service of garnishment summons were the immediate reasons for the action of the trial court in dismissing the garnishments, rather than the fundamental features expressed in the motions and argued by the appellant, the motions being sufficiently comprehensive to include other defects and irregularities.

The briefs and explanations of counsel convince this court that a serious confusion exists in this appeal by the use of general instead of specific and definite terms. There are a number of garnishees made such, and many of them served or attempted to be served at different times.

The first motion, filed October 31, 1930, is general and all-inclusive in its terms and could refer to all parties made garnishees prior to its being filed. The second motion, filed November 15, 1930, is definite and names the parties against whom it moves that the proceedings be dismissed. The journal entry is general and could include all the garnishments issued in the case. Appellant urges her appeal, applying the law to the facts as to certain of the garnishees, which leads the appellee to state a limitation as to certain garnishees only, whom the motions were intended to cover or reach, disclaiming any intention to attack the garnishment proceedings as to the other garnishees. This greatly simplifies the matter. The first motion is said to apply only to the garnishees A. L. Hoover, Myrtle Wright and J. Arthur Myers, Myers being designated as attorney of record for Hoover and Wright. Service was had on J. Arthur Myers and no service has been made upon either Hoover or Wright.

The motion was made and filed by the defendants, and not by the garnishees, so that there is no appearance by them on account of the motion, and as to the two not served, they need no dismissal or discharge of proceedings. They are in no way obligated or con-

cerned in the proceedings until they are served. Neither are the defendants affected by their being so named, if they are not later served as garnishees. As to J. Arthur Myers, both individually and as attorney for Hoover and Wright, the situation is different. He filed his answer as garnishee in both capacities a few days after the defendants had filed their motion to dissolve the garnishment and the record before us does not show any election to take issue on this answer, as provided by R. S. 60-948, and the answer may therefore be conclusive of the truth of the facts therein stated. But on the other hand, we have no suggestion or hint either from the record or from the brief of the appellee of the ground upon which this motion was sustained other than that contained in the motion itself, viz., "for the reason that the same is not authorized by the statute of the state of Kansas." If it is upon the ground set out in the subsequent motion as to the action not being one to recover damages founded upon contract, express or implied, we are inclined to the view urged by the appellant that the allegations of plaintiff's petition bring the case within the provisions of the statute as one in which garnishment proceedings may be maintained. This is the only reason suggested by the record or either party, and if it were the only reason urged before the trial court for sustaining this motion we think it was error to sustain it.

The second motion definitely asks for the dismissal of the garnishment issued to the defendant, the Rafter Farm Mortgage Company, and M. A. Bender, its attorney of record. It is urged by appellee that a letter from the attorney for plaintiff is the only basis for service upon them. This is true if they are to be regarded as garnishees. Our attention is not directed to any affidavit stating the necessary facts to make them garnishees. But the letter when fully read does not attempt to make them garnishees, but only suggests the duty of serving the necessary notice upon the defendant as to the making of other parties garnishees in the action, which process should be served in compliance with the statute (R. S. 60-943) upon the defendant or its attorney of record.

The summons, however, that was issued and served upon the defendant and Mr. Bender, its attorney, was one that made them garnishees in the action—an absurd situation as far as the defendant itself is concerned.

The purpose and plan of R. S. 60-943 were apparently misunder-

stood by those issuing and serving such summons on the defendant and its attorney of record. The defendants should have been notified, as provided by that section, that garnishment summons were being served on certain parties as garnishees so as to give the defendants an opportunity to protect their interest by calling the attention of the court to defects or irregularities, if any, in the preliminary proceedings and by making a defense under R. S. 60-950 and 60-951, if issues should be joined under the provisions of R. S. 60-948, and this notice or summons can under the statute be served on the defendant or on its attorney of record. This was the express purpose of the letter written by the attorney for the plaintiff. But when by evident misunderstanding a summons was issued and served on the defendant and its attorney of record as garnishees, there was nothing the trial court could do when the matter came up on motion but to sustain the motion and dismiss such garnishment proceedings.

With the distinct understanding, as expressed by the appellee, that the motions do not affect any of the garnishees except Hoover and Wright and J. Arthur Myers, their attorney, and the Rafter Farm Mortgage Company and M. A. Bender, its attorney, as above stated, we find the sustaining of the first motion was erroneous and such order should be set aside; and, as to the second motion, we find no error in sustaining it and dismissing the garnishment proceeding therein attacked. It is so ordered.