No. 33,633

ESTHER SEPTER, *Appellant,* v. E. D. BOYLES, *Appellee.*

(76 P. 2d 771)

Opinion filed March 5, 1938.

*Clyde P. Cowgill,* of Topeka, for the appellant.

*E. D. Woodburn* and *Floyd W. Hobbs,* both of Holton, for the appellee.

The opinion of the court was delivered by:

SMITH, J.: This was an action to recover money. Judgment was entered for plaintiff. Executions were issued and returned unsatisfied. Garnishment proceedings were instituted. Garnishment

summons was quashed on motion of the defendant. Plaintiff appeals from that judgment.

The facts are as follows: Plaintiff obtained judgment against defendant for $2,000 on November 21, 1930. Executions were issued on this judgment on December 3, 1930, and on September 27, 1935. These executions were both returned unsatisfied. After the return of these executions a garnishment affidavit was filed. A summons was issued and served on the garnishee. The garnishee answered that at the time of the serving of the garnishment summons it had in its hands $109.60 which might be due defendant. The plaintiff gave notice that she elected to take issue on the answer of garnishee.

When this election was filed the defendant filed a motion asking that the garnishment summons that had been served on the garnishee be quashed on two grounds. The first ground was that at the time the garnishment summons was issued there was no valid execution issued and outstanding against the defendant. The second ground was that the judgment had been paid and satisfied on March 15, 1934. When this motion came on to be heard counsel for defendant announced that defendant desired at that time to present only the first ground of the motion. Evidence was introduced on that ground and the motion was allowed. It is from the order sustaining that motion that this appeal is taken.

The trial court found in the journal entry that at the time the garnishment summons was served no execution was outstanding and that the appearance of the garnishee and the defendant on other than jurisdictional grounds did not waive the irregularity.

The plaintiff has not brought the proceedings leading up to the issuing of the executions to this court; neither has she brought the evidence upon which the finding made by the trial court was based. As far as this record is concerned, we must consider the case as though the execution had been returned at the time the garnishment summons was issued.

The garnishment proceedings were taken pursuant to G. S. 1935, 60-34,107 and 60-3491. The first section is as follows:

"When an execution shall have been returned unsatisfied the judgment creditor may file an affidavit of himself, his agent or attorney in the office of the clerk, setting forth that he has good reason to, and does, believe that any person or corporation (to be named) has property of the judgment debtor or is indebted to him, and thereupon the clerk shall issue an order requiring such person or corporation to answer on or before a day to be named in the order,

not less than ten nor more than twenty days from the date of issuing the same, all interrogatories that may be propounded by the judgment creditor concerning such indebtedness or property."

G. S. 1935, 60-3491, reads as follows:

"After the issuing or return of an execution against property of a judgment debtor, or of any one of several debtors in the same judgment, where it is made to appear by affidavit or otherwise, to the satisfaction of the judge, that there is reason to believe that any person or corporation has property of such judgment debtor, or is indebted to him, the judge may, by an order, re- quire such person or corporation, or any·officer or member thereof, to appear at a specified time and place within the county in which such person or corpora- tion may be served with the order to answer, and answer the same. The judge may, also, in his discretion, require notice of such proceeding to be given to any party in the action, in such manner as may seem to him proper."

There can be no doubt that, as a general proposition, the above statutes provide for garnishment after judgment and the issuance and return of an execution.

Plaintiff points out that when the garnishment summons was served on the garnishee in this case it made an answer as to how much it owed defendant, and that plaintiff took issue with garnishee in this answer. She argues that after the garnishee had thus answered and the issues had been made up it was too late for defendant to take advantage of any defect in the proceedings leading up to the issuance of the garnishment summons.

Defendant cites and relies on *Hutchinson v. Nelson*, 63 Kan. 327, 65 Pac. 670. In that case the execution had been issued and returned. The garnishment summons was issued and served. The garnishee did not answer, but filed a motion to quash the summons on the ground that there was no execution outstanding. The court sustained the motion.

The statute in question at that time was as follows:

"Either at the time of the issuing of the summons, or at any time thereafter before final judgment, in any action to recover damages founded upon con- tract, express or implied, or upon judgment or decree, or at any time after the issuing in case of an execution against property and before the time when it is returnable, the plaintiff or some person in his behalf shall file with the clerk an affidavit stating the amount of the plaintiff's claim." (Gen. Stat. 1901, § 4635.)

It will be noted that the provision of that statute for garnishment after judgment was that garnishment might be had before the execu- tion was returnable. The language of the opinion leaves but little doubt that the court placed the final decision in the case upon that

provision. Such being the case, it is helpful for us to examine the statute on the subject in force today. When this is done we see that each of the present statutes on the subject provides for the issuance of garnishment summons after the execution has been returned. This would be sufficient ground for reversing the order of the trial court.

There remains, however, the argument that the defendant and the garnishee could not raise any question as to the sufficiency of the proceedings once they had answered. In this connection it should be noted that the defendant appeared after the summons was served and asked for a continuance, and the garnishee appeared and answered. This court has held that once a garnishee has submitted himself to the jurisdiction of the court by answering he cannot later question the regularity or sufficiency of the proceedings leading up to the issuance of the garnishment summons. (See *Winterscheidt v. Wilson*, 110 Kan. 649, 205 Pac. 600; also, *Turner v. Williams*, 114 Kan. 769, 221 Pac. 267.)

Under the same general rule the defendant is barred from questioning the irregularity of the proceedings leading up to the garnishment proceeding once he appeared and asked for a continuance in that matter.

The judgment of the trial court is reversed, with directions to proceed with the action.