Nos. 36,273 and 36,383

E. C. PORTER, RALPH M. ROUNDS and VERNON WALLING, co-partners, doing business as Aircraft Woodworking Company, *Appellees*, v. CHARLES E. TRAPP (Defendant), MID-CONTINENT MANUFACTURERS, INC., and SYLVESTER ALLEGRO (*Appellant*), Garnishees.

(165 P. 2d 591)

Opinion filed January 26, 1946.

*Morris H. Cundiff,* of Wichita, argued the cause, and *Dale M. Bryant,* of Wichita, was on the briefs for the appellant.

*J. Wirth Sargent,* of Wichita, argued the cause, and *W. D. Jochems, Emmet A. Blaes* and *Roetzel Jochems,* all of Wichita, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: The question for decision in this appeal is the validity of a judgment against a garnishee.

On January 20, 1944, the plaintiffs commenced their action against the defendant Trapp to recover on an account stated. On the same day a summons was issued for the defendant Trapp. The sheriff's return shows that on the same day he summoned the defendant "Charles E. Trapp by serving George Squibb, Atty." by delivering him a true copy of the summons. On the same day the plaintiffs filed their affidavit for garnishment, naming Sylvester Allegro as one of the garnishees. A garnishee summons was issued on the same day and on that day it was served upon Allegro personally and upon the defendant Trapp "By Serving Geo. Squibb, Atty. Per., 1-20-44." On January 31, 1944, Allegro filed his affidavit denying liability. On February 8, 1944, the plaintiffs served their notice on Allegro to take issue on his answer. On April 7, 1944, an answer was filed signed "Charles E. Trapp by Geo. H. Squibb, Union National Bank Building, Wichita, Kansas. Geo. H. Squibb, Attorney for Defendant," in which he admitted the indebtedness as alleged in the petition. The cause was set for trial on April 18, 1944, but it is not clear that either Trapp, Squibb or Allegro had any notice thereof. It was then continued to April 20 and on that day the court rendered judgment in favor of plaintiffs and against Trapp upon the pleadings and, as stated in the journal entry, which showed that the defendant and the garnishee did not appear, plaintiffs introduced evidence and the court found that Allegro was indebted to Trapp in the sum of $1,550.93. Thereafter on May 3, 1944, upon motion of plaintiffs, an order was made for Allegro to appear and answer concerning his property. On May 10, 1944, Allegro filed his motion to vacate the judgment against him, the details of which need not be set forth. A hearing was had and on July 21, 1944, the court denied the motion, from which ruling Allegro appealed to this court. Following the trial court's ruling further proceedings were had to require Allegro to appear and answer concerning his property, and an application for the appointment of a receiver was filed. Allegro filed his response to the application for appointment of a receiver and renewed his motion that the judgment against him be set aside. It contained other grounds than were asserted in his first motion, but we do

not need to set forth the details. This motion was presented to the court, which heard evidence thereon, and on January 3, 1945, the motion was denied. Allegro duly appealed from this ruling.

In view of our conclusions hereafter expressed, it is not necessary that we discuss the two appeals separately, or that we follow out in detail the specifications of error. The principal question is whether the trial court erred in rendering any judgment against the garnishee.

Although the motions filed by the appellant did not clearly and specifically raise the question, it is the duty of this court to inquire whether the trial court had jurisdiction. (See *Shively v. Burr*, 157 Kan. 336, 139 P. 2d 401, and cases cited.)

In any action, it is essential that the trial court have jurisdiction not only over the subject matter thereof, but of the parties to the action, and where the statutes require that the parties be brought before the court, the methods prescribed must be followed. Appellant contends that the service of summons upon the defendant Trapp was not good, and had no answer been filed on Trapp's behalf, the question would require full consideration and decision. We do not find it necessary to discuss and decide the question for a reason not specifically asserted, but which does pertain to the question of the trial court's jurisdiction over the garnishee Allegro.

In *State Bank of Dodge City v. McKibben*, 146 Kan. 341, 344, 70 P. 2d 1, it was said:

"A proceeding in garnishment is a special and extraordinary remedy, and it must be strictly followed and diligently pursued, otherwise it will not be given effect to reach the assets of a debtor in the hands of a third party. (*Hutchinson v. Nelson*, 63 Kan. 327, 65 Pac. 670; 28 C. J. 25.)

"In our view it was a prerequisite to the efficacy of the garnishment that a summons or other process of equal potency should have been served on judgment debtor McKibben to apprise him of the institution of the garnishment proceedings. . . ." (See, also, *Rafter v. Hurd*, 133 Kan. 505, 300 Pac. 1078.)

The code of civil procedure gives the right to proceed by garnishment, either at the time of issuing summons or at any time thereafter before final judgment in any action founded upon contract, by filing the affidavit and bond prescribed. (See G. S. 1935, 60-940 to 60-942.) Those sections are the only ones giving the plaintiffs the right to proceed in the instant case. Under section 60-943 it is provided that when an affidavit in garnishment is filed, a garnishee summons shall be issued by the clerk "and served upon the de-

fendant or his attorney of record, and each of the garnishees." In the instant case a garnishee summons was issued and served upon the garnishee. The only service upon the defendant Trapp was by serving "Geo. Squibb, Atty.," on January 20, 1944. Under the provisions of the statute the service had to be upon the "defendant or his attorney of record." The language of the statute excludes any service other than as mentioned, and precludes service on defendant by serving his attorney other than his attorney of record. It is clear from the return of the sheriff on the garnishee summons that the summons was not served on the defendant Trapp personally, and it is equally clear from the record that it was not served upon his attorney of record. Trapp, under any circumstances, had no attorney of record prior to the time his answer was filed on April 7, 1944. When the trial court entered judgment against the garnishee on April 20, 1944, the defendant Trapp had had no legal notice that any garnishment proceedings had been instituted. As no adequate service of garnishee summons had ever been had, the court was without jurisdiction to render judgment against the garnishee, its judgment was a nullity and it must be set aside. It is so ordered.