No. 38,348

RACHEL ANDREWS, *Appellant,* v. ARVEY ANDREWS, *Appellee.*

(237 P. 2d 418)

Opinion filed November 10, 1951.

*David W. Carson,* of Kansas City, was on the briefs for the appellant.

*John P. Carr,* and *Albert P. Kovac,* both of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the lower court sustaining a motion to discharge a garnishment.

From a very inadequate abstract, we glean the following facts.

On October 14, 1949, appellant Rachel Andrews was divorced from appellee Arvey Andrews in the district court of Wyandotte County. The decree of divorce among other things provided:

"It is further considered, ordered, adjudged and decreed: That defendant [appellee] be and he is hereby ordered and directed to pay the plaintiff as and for support money for said minor children the sum of $15.00 per week, commencing this date and continuing until the further order of this court."

Subsequent to the decree, appellee made some weekly payments due thereunder, but on occasions payments were missed. On October 27, 1950, appellant through her attorneys filed an affidavit in garnishment which stated among other things the amount due on a judgment rendered in a decree of divorce on the above date. Apparently this amount referred to unpaid installments due under the divorce decree. Garnishment summons was issued and served on the garnishee and on October 31, 1950, appellant secured an order directing the garnishee to pay all money in its hands due appellee into the office of the clerk of the district court of Wyandotte County. The court found that at the time garnishment was served $159.94 was due appellee from his employer and that appellee was indebted to appellant in excess of $100. Subsequent thereto appellee filed a motion for release of this money so paid. On hearing the motion, the court made certain findings, the pertinent ones being as follows:

1. That the $15.00 weekly child support payments which were past due at the time of issuing the garnishment summons were not reduced to judgment; and

2. That no execution was issued prior to filing the affidavit in garnishment or the issuance of the garnishment summons thereon.

The court ordered the garnishment discharged and the funds in the possession of the district court paid to appellee.

Appellant brings the case here assigning as error the finding of the court that the support money order made in the divorce decree entered on October 14, 1949, was not a final judgment as to each installment when it became due and payable.

We have consistently held that installment payments decreed in a divorce for support and education of the minor children of a marriage become final judgments as of the dates due and may be collected as other judgments. (*Haynes v. Haynes*, 168 Kan. 219, 212 P. 2d. 312; *Sharp v. Sharp*, 154 Kan. 175, 117 P. 2d. 561; *McKee v. McKee*, 154 Kan. 340, 118 P. 2d 544). It follows that the trial court was in error in holding that it was necessary to reduce to

judgment the past due installments payable under the divorce decree before initiating garnishment proceedings.

It is appellee's contention the court properly found that no execution had been issued prior to filing the affidavit in garnishment nor prior to issuance of the garnishment summons, and the motion to dissolve the garnishment was properly sustained. We are in harmony with this contention.

G. S. 1949, 60-940 provides in substance that any creditor shall be entitled to proceed by garnishment in the district court of the proper county against any person, . . . and so forth . . . upon the conditions and in the manner prescribed by statute. It may be noted from a reading of this section of the statute that a proceeding in garnishment is a special and extraordinary remedy granted by statute and can be resorted to only at the times and upon the conditions expressly authorized and imposed by statute. (*Hutchinson v. Nelson*, 63 Kan. 327, 65 Pac. 670; *State Bank of Dodge City v. McKibben*, 146 Kan. 341, 344, 70 P. 2d 1; *Porter v. Trapp*, 160 Kan. 662, 664, 165 P. 2d 591).

G. S. 1949, 60-941 provides the times when and the conditions upon which a proceeding in garnishment may be resorted to:

"Either at the time of the issuing of the summons, or at any time thereafter before final judgment in any action to recover damages founded upon contract, express or implied, or upon judgment or decree, or at any time after the issuing in any case of an execution against property and before the time when it is returnable, the plaintiff, or some person in his behalf, may file with the clerk an affidavit stating the amount of the plaintiff's claim. . . ."

This statute is exclusive and conclusive on the right of a party to resort to proceedings in garnishment to enforce and compel payment of his judgment and by its express terms denies the right of using this extraordinary remedy after judgment except where execution has issued on the judgment and before its return. Inasmuch as in the instant case no execution had been issued on the judgment, appellant's attempt to resort to garnishment proceedings was of no avail. (*Hutchinson v. Nelson*, supra; *Septer v. Boyles*, 147 Kan. 364, 366, 76 P. 2d 771). We find no statutory authority for granting this extraordinary remedy for collection of an outstanding judgment in the district court unless an execution has been issued thereon.

In view of what has been said, it is not necessary to determine other questions raised in this appeal. The judgment of the district court is affirmed.