No. 43,106

BILL BUZBEE, *Appellee*, v. GUS OVERBY & MRS. DARBY, d.b.a. Darby Termite Control, *Defendants*, ALLEN COUNTY STATE BANK, Iola, Allen County, Kansas, Garnishee, *Appellant.*

(379 P. 2d 250)

Opinion filed March 2, 1963.

*Howard M. Immel, Charles H. Apt* and *Frederick G. Apt, Jr.,* of Iola, were on the briefs for appellant.

*I. D. Brown,* of Wichita, argued the cause, and *Wendell E. Godwin, Earl M. Clarkson, Jr., Wilmer E. Goering* and *Forest V. McCalley,* of Wichita, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This is an appeal by the Allen County State Bank, Iola, Kansas, garnishee defendant, from an order and judgment overruling its motions to quash a general execution and to vacate a default judgment rendered against it on November 20, 1961.

On April 19, 1957, the plaintiff-appellee obtained judgment in the amount of $750 against the defendants, Mr. and Mrs. R. S. Darby, d. b. a. Darby Termite Control. Approximately four years after the judgment was rendered, two general executions were issued directed to Allen County. The first execution was received by the sheriff of Allen County, and on April 18, 1961, it was returned to the district court of Sedgwick County endorsed "unable to find any property upon which to levy." The appellee filed a second praecipe on June 19, 1961, and an execution was issued that same day to the sheriff of Allen County, however, the files of the district court failed to reflect that a return of the same was ever made.

In any event, on September 1, 1961, more than sixty days after the issuance of the last execution, the appellee filed his affidavit of garnishment seeking a garnishment summons against the defendants Darby and the garnishee defendant. Garnishment summons was issued to the sheriff of Allen County which was served on the defendants Darby on September 5, 1961, by leaving a copy at their usual place of residence, and on the same day, a copy was served upon the garnishee defendant by delivering the same to one George Mack, the executive vice president of the banking corporation, personally. The answer day was September 26, 1961. The garnishee defendant failed to file its answer in garnishment, and was in default.

On October 27, 1961, counsel for appellee wrote the Allen County State Bank directing its attention to the garnishment summons which had been served upon its executive vice president and asked to be informed of what money, property or credits were owing by the bank to defendants Darby as of September 5, 1961. On October 31, 1961, George Mack wrote appellee's counsel referring to the garnishment summons served upon the bank and stated there was a balance in the account of Darby Termite Control of ninety-

nine cents, and that the bank had no other money, property or credits of defendants Darby.

On November 20, 1961, and during the October 1961 term, the district court entered a default judgment against the garnishee defendant for the full amount of the judgment theretofore rendered against defendants Darby plus interest and costs for its failure to answer in accordance with the garnishment summons served upon it. On January 15, 1962, and during the January 1962 term, the appellee filed a praecipe for general execution against the property of the garnishee defendant and execution was issued directed to the sheriff of Allen County. Upon being advised by the sheriff of Allen County that a general execution on a default judgment was in his possession, the garnishee defendant filed motions to quash the execution and to vacate the default judgment. In support of the motions the garnishee defendant filed the affidavit of George Mack as well as a verified answer to the garnishment summons. The affidavit recited that after the bank was personally served with the garnishment summons on September 5, 1961, Mr. Mack checked the accounts of the Darby Termite Control and found a balance of ninety-nine cents; that he marked the account "hold" to comply with further court orders; that he proceeded to the sheriff's office to effect disposition of the funds with the sheriff; that he was informed the sheriff was unable to take the money but the sheriff suggested that perhaps the funds should be paid into court; that the affiant then proceeded to request instructions from the county judge who refused to accept the funds since he knew nothing of the action, hence the affiant was unable to deposit the funds with the sheriff of Allen County or with the county judge, and since the amount was only ninety-nine cents the garnishment summons was actually misplaced and was later forgotten.

On February 12, 1962, the garnishee defendant's motions were heard and evidence was introduced on its behalf, being the bank's statement of accounts of Darby Termite Control with a "hold" notation indicated by Mr. Mack's initials between the dates of August 31, 1961, and September 29, 1961. The letters heretofore referred to were introduced without objection on behalf of garnishee defendant which showed a notation thereon that plaintiff's Exhibit 2, being Mr. Mack's letter of October 31, 1961, in answer to counsel's letter of October 27, 1961, was shown to the district court before it entered the default judgment and signed the journal entry of judgment dated November 20, 1961. The evidence showed

that the notation on Exhibit 2 was made for the reason that the court inquired whether counsel for appellee had "heard from the garnishee" subsequent to the issuance of the garnishment summons. The evidence further showed that the court was informed that appellee's Exhibit 1, being counsel's letter of October 27, 1961, had been mailed to the garnishee defendant and that plaintiff's Exhibit 2 had been received from the garnishee defendant, but that it had failed to file its affidavit as required by law. After due consideration, the district court overruled the garnishee defendant's motions in their entirety. A motion for a new trial was timely filed and overruled; hence, this appeal.

Various assignments of error are made by the appellant, but in its brief only two points are presented and argued. First, that counsel for the appellee having made a specific inquiry in writing as to how much the appellant was indebted to the defendants Darby and having been advised in writing that the amount owed was only ninety-nine cents, the appellee was estopped some twenty days later from taking a default judgment in the amount of $957.25 against it, being the amount of the Darby judgment, interest and costs, and second, that the appellant had responded in writing to the written inquiry of the appellee stating the amount owing the defendants Darby as of September 5, 1961, and that the appellee had the information requested by the garnishment summons. We are not persuaded the contentions are meritorious.

It is here unnecessary to review the various sections of the code of civil procedure dealing with garnishment and we will not do so except to note that a garnishment proceeding has been held to be a special, independent, provisional remedy, and governed entirely by our code. (*Potter v. Banking Co.*, 59 Kan. 455, 462, 53 Pac. 520; *Hutchinson v. Nelson*, 63 Kan. 327, 65 Pac. 670.) The proceeding must be conducted in substantial conformity to the statute and the conditions for its exercise are conclusive and exclusive of all others. (*Potter v. Banking Co.*, supra; *Hutchinson v. Nelson*, supra; *Kellogg v. Hazlett*, 2 Kan. App. 525, 529, 43 Pac. 987; *Swofford v. Brittain*, 9 Kan. App. 1, 57 Pac. 235; Dassler's Kansas Civil Code, Second Edition, Ch. 32, § 2, p. 487.)

While a garnishment proceeding binds only such property, money and credits, not exempt by law from execution, as belonging to the defendant, and are in the possession of the garnishee, or owed by him at the time of the service of the process upon the garnishee (*Johnson v. Brant*, 38 Kan. 754, 17 Pac. 794; *Gillette v. Cooper*, 48

Kan. 632, 30 Pac. 13), none the less the statute imposes affirmative duties upon the garnishee to disclose in the manner authorized by law the amount of property, money and credits then in its possession or under its control and belonging to the defendant. (G. S. 1949, 60-940, 60-945, 60-946.) To that end, the code provides that if the garnishee, having been duly summoned, shall fail to file its affidavit or answer as required in G. S. 1949, 60-945 and 60-946, the court may render judgment against the garnishee for the amount of the judgment which the plaintiff has recovered against the defendant, together with the costs of such garnishee. (G. S. 1949, 60-947.)

The appellant concedes that it was properly served with summons in garnishment on September 5, 1961, and that it wholly failed and neglected to file an answer, affidavit, or other pleadings in response to the garnishment summons. In justification of its action, appellant states:

"True, the garnishee unwisely perhaps but nevertheless in pursuance of a basic freedom, had in this instance chosen to act without benefit of counsel. Owing the defendant but ninety-nine cents ($0.99), there is some justification for such independent action."

We remind the appellant that civil actions are conducted by litigants under rules set forth in the code of civil procedure which apply even to situations involving only ninety-nine cents. Had the appellant promptly and diligently filed its answer and had plaintiff not taken exception to it, its liability would indeed have been limited by its answer. (G. S. 1949, 60-945, 60-948.)

After waiting more than one month after answer date, counsel for plaintiff wrote to appellant on October 27, 1961, and reminded it of its obligation under the garnishment summons. It is not reasonable to assume that plaintiff's letter written more than one month after the appellant's failure to answer could be said to have caused the appellant's default. The appellant had an affirmative duty to file its answer in the district court of Sedgwick County, and it cannot be said that its letter to plaintiff's counsel on October 31, 1961, indicating the extent of the bank's liability to the defendants Darby may be treated as such answer or affidavit.

Following the hearing on appellant's motions on February 12, 1962, the court concluded,

"That under the facts and circumstances and as provided by the statutes in such case, the Plaintiff was and is entitled to judgment against the garnishee for the full amount of judgment which has been recovered against the afore-

said judgment debtors all as more particularly set forth in the Journal Entry of Judgment against garnishee dated November 20, 1961."

We are of the opinion that the district court did not abuse its discretion in holding that its order should have been obeyed by the appellant and that the doctrine of equitable estoppel affords it no protection from the consequences of its negligence in failing to obey the garnishment summons. The record clearly indicates that the court was fully informed by appellee's counsel at all steps of the proceeding and it is barren of any evidence, or even a suggestion, of any fraud or deception of any kind. The appellant has had its day in court nothwithstanding the fact the summons was "actually misplaced and later forgotten."

The appellant had the affirmative duty to show that the district court erred in overruling its motion to quash the execution and to vacate the default judgment of November 20, 1961, and it has failed to sustain that burden.

The judgment is affirmed.