No. 43,532

MARY FRANCES NEELY, *Appellant,* v. ST. FRANCIS HOSPITAL & SCHOOL OF NURSING, INC., a Corporation, *Appellee,* and THE FOURTH NATIONAL BANK & TRUST COMPANY, Wichita, Kansas, and L. S. LAUER, Garnishees, *Appellees.*

(391 P. 2d 155)

Opinion filed April 11, 1964. ▮

*Gerald L. Michaud,* of Wichita, argued the cause, and *Russell Cranmer,* also of Wichita, was with him on the brief for the appellant.

*Emmet A. Blaes,* of Wichita, argued the cause, and *Roetzel Jochems, Robert G. Braden, J. Francis Hesse, James W. Sargent, Stanley E. Wisdom, Cecil E. Merkel, Harry L. Hobson, Bruce W. Zuercher, L. D. Klenda, Charles M. Cline* and *Richard A. Loyd,* all of Wichita, were with him on the brief for the appellees.

The opinion of the court was delivered by

Schroeder, J.: This is an action to enforce a judgment by garnishment process wherein the constitutional validity of G. S. 1959 Supp., 17-1725 is challenged. Upon issues joined by the judgment debtor and the garnishees, the trial court ruled generally in favor of the judgment debtor and the garnishees. Thereupon appeal was duly perfected presenting the issues hereinafter discussed.

The controlling question is whether G. S. 1959 Supp., 17-1725 is valid under Section 18 of the Bill of Rights of the Kansas Constitution.

The facts have been stipulated by the parties and are not in issue.

On March 27, 1958, Mary Frances Neely (appellant) filed an action against the St. Francis Hospital & School of Nursing, Inc., a corporation (appellee), alleging that she had sustained severe personal injury due to the negligence of the appellee hospital in the giving of a tetanus antitoxin shot. A verdict and judgment for the appellant in the amount of $79,161.34 was rendered by the trial court on March 11, 1960, which was later affirmed and approved by this court on July 8, 1961, in *Neely v. St. Francis Hospital & School of Nursing,* 188 Kan. 546, 363 P. 2d 438.

Thereafter the appellee hospital's casualty insurance carrier paid the appellant the sum of $58,166.77, which represented the extent of the insurance carrier's contract liability, plus interest and costs.

The balance of the judgment in the amount of $29,161.34, plus

interest on the unpaid balance from July 18, 1961, has not been paid by the appellee hospital.

In 1959 the legislature enacted G. S. 1959 Supp., 17-1725 which, in effect, conferred immunity from process upon the class of corporations of which the appellee hospital claims to be a member, except for obligations owing to the state or contractually assumed.

The appellant followed the procedure provided by statute to collect the balance of this judgment debt. She proceeded in garnishment against The Fourth National Bank & Trust Company of Wichita, Kansas (garnishee bank), which filed its answer admitting that it had in its possession sufficient funds of the appellee hospital to discharge the judgment debt, but "that the said funds in the hands of the garnishee were, and are, not subject to attachment, garnishment, execution or other forced disposition for satisfaction of the plaintiff's judgment herein; and such funds are trust funds held in accordance with the Articles of Incorporation and bylaws of the defendant and the provisions of 1959 Supplement to the General Statutes of Kansas, 1949, Section 17-1725 for the use and benefit of the present and future beneficiaries of the services of the defendant."

The appellant elected to take issue on the answer of the appellee hospital and garnishee bank, and moved for an order requiring the garnishee bank to pay into court the amount shown to be due and for judgment on the pleadings. Similar procedure was taken against the garnishee, L. S. Lauer, whose answer was the same as that of the garnishee bank. The trial court ruled generally against the appellant, and she now appeals.

The legislative act in question, 17-1725, *supra*, enacted in 1959 to become effective March 31st of that year, reads:

"Property, either real or personal, together with the income therefrom or the proceeds from its disposition, belonging to a corporation organized not for profit and which operates or supports one or more hospitals, operated on a nonprofit basis, shall be deemed to be held administered, or disposed of, in accordance with the articles of incorporation and bylaws of such corporation, for the use and benefit of the present and future beneficiaries of the services of such institutions; and such property, income or proceeds shall not be subject to attachment, garnishment, execution, or other forced disposition or process except for obligations owing to the state, or its subdivisions or agencies, or for obligations contractually assumed by such corporation for the purpose of rendering its services, and performing its functions, for such beneficiaries."

It was stipulated and agreed that the St. Francis Hospital & School of Nursing, Inc. is a corporation organized not for profit

under the laws of the state of Kansas in conformance with the articles of incorporation, attached and made a part of the record.

The historical background of the foregoing statute no doubt stems from the decision in *Noel v. Menninger Foundation*, 175 Kan. 751, 267 P. 2d 934, decided in 1954, which reversed a long line of decisions which had held that charitable and nonprofit organizations were immune from tort liability. In the *Noel* case it was said:

"The immunity of charitable corporations for torts is based upon very dubious grounds. It would seem that a sound social policy ought, in fact, to require such organizations to make just compensation for harm legally caused by their activities, under the same circumstances as individuals before they carry on their charitable activities. All persons, organizations and corporations stand on an equality before the law. All should be bound alike or excused alike. If one is liable for a negligent act of his agent or employee, all should be liable. It would seem that the policy of the law would require individuals to be just before being generous, and the same rule should be applicable to charitable organizations. To require an injured individual to forego his cause of action for the wrongful acts of another when he is otherwise entitled thereto because the injury was committed by charity, is to require him to make an unreasonable contribution to charity against his will, and a rule of law imposing such burdens cannot be regarded as socially desirable nor consistent with sound policy. (Harper on Torts, p. 657, § 294.)

"It is somewhat surprising to note that in none of the decisions establishing the immunity doctrine in this state was the question ever presented or consideration given to the provisions of our constitution. Section 18 of our bill of rights reads: 'All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay.' It is clear from plaintiff's petition that he has suffered injuries in person, *and under our state constitution he shall have remedy by due course of law.* (*Rowell v. City of Wichita*, 162 Kan. 294, 300, 176 P. 2d 590.) Neither our constitution nor our statute says anything about releasing charitable, educational or religious organizations from liability for negligence which results in personal injuries to another. Section 18 of our bill of rights is to the contrary. Thus it would appear that the public policy of this state, as enumerated by its constitution, is to put justice 'by due course of law' above or before charity. The constitution, article 11, section 1, and our statute, G. S. 1949, 79-201, do make provisions for releasing such institutions from taxation. *Had it been the intent of the framers of our constitution to grant immunity to charitable organizations for their torts, provisions would have been made for such. The constitutional provision guaranteeing to every person a remedy by due course of law for injury done him in person or property means that for such wrongs that are recognized by the law of the land the court shall be open and afford a remedy,* or that laws shall be enacted giving a certain remedy for all injuries or wrongs. 'Remedy by due course of law,' so used, means the reparation for injury ordered by a tribunal having jurisdiction in due course of procedure after a fair hearing. It is the primary duty of the courts to safe-

*guard the declaration of right and remedy guaranteed by the constitutional provision insuring a remedy for all injuries.* (11 Am. Jur. 1124, 1125, Constitutional Law, § 326.)" (pp. 762, 763.) (Emphasis added.)

Despite the clarity of the admonition contained in the foregoing opinion, with reference to the constitutional guaranties protecting *remedies* for injury to person, reputation or property, the legislature, no doubt at the request of certain corporations organized not for profit and which operate or support one or more hospitals, operated on a nonprofit basis, adopted 17-1725, *supra.*

While the statute is not a straightforward declaration of public policy conferring immunity for torts upon charitable or nonprofit organizations, it is an attempt to circumvent by indirection the constitutional guaranties so plainly indicated by this court in *Noel v. Menninger Foundation,* supra. The statute confers no immunity for tort, but an exemption from process enforcing judgments obtained by due course of law, contrary to Section 18 of the Bill of Rights of the Constitution of Kansas, which provides: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay."

It is clear from the stipulated facts that the appellant suffered an injury in person, and that under our constitution she is entitled to have remedy by due course of law. (*Rowell v. City of Wichita,* 162 Kan. 294, 300, 176 P. 2d 590.) Nevertheless, the garnishees have excepted to a garnishment summons, which they stipulate was duly and legally served, pleading 17-1725, *supra,* which they contend exempts their funds from attachment, garnishment executions or other process.

In 11 Am. Jur., Constitutional Law, § 326, it is said:

"The cognate constitutional provision guaranteeing to every person a remedy by due course of law for injury done him in person or property . . . means that for such wrongs as are recognized by the law of the land, the courts shall be open and afford a remedy, . . . 'Remedy by due course of law,' so used, means the reparation for injury ordered by a tribunal having jurisdiction, in due course of procedure, after a fair hearing. . . ." (pp. 1124, 1125.)

To further clarify the meaning of the term "remedy," it is said in 76 C. J. S., Remedy, p. 902: "In Actions, § 3a (1), the word 'remedy' is defined in its legal sense as the judicial means or method for enforcing a right or redressing a wrong, . . ."

The provisions in Section 18 of the Bill of Rights of the Kansas

Constitution guaranteeing to persons a *remedy* by due course of law cannot be watered down by diluting the definition of "remedy."

G. S. 1949, 60-103 provides: "Remedies in the courts of justice are divided into: *First,* actions. *Second,* special proceedings."

G. S. 1949, 60-104 defines an "action."

G. S. 1949, 60-105 provides: "Every other remedy is a special proceeding."

Garnishment is a special proceeding. It has been said a proceeding in garnishment is a special and extraordinary remedy. (*Andrews v. Andrews,* 171 Kan. 616, 237 P. 2d 418.) Obviously, garnishment is a remedy.

The appellees contend a distinction must be made between "remedy" and "recovery." They argue the statute in question in no way denies the appellant a remedy by due course of law. To support this contention they call our attention to the fact that the appellant has already been paid in excess of $58,000 on the judgment, and by reason thereof it is apparent she had a remedy. This argument overlooks the fact that if the appellee hospital had carried no insurance, the appellant would not have recovered one dime, assuming the validity of 17-1725, *supra,* is upheld. Furthermore, there would be no necessity for such hospitals to carry insurance in the future.

The appellees further argue there is no section of the Constitution of this state or of the United States that guarantees full recovery to the prevailing party; that to provide a remedy is not to guarantee a right, or indemnify against wrong. Obviously, the extent of the assets of a judgment debtor are not guaranteed by any Constitution. This argument evades the issue.

To bolster their position the appellees cite statutes in which the remedy of garnishment is available and yet recovery as against certain property is not available by reason of exemptions created by the legislature. (Citing, G. S. 1949, 60-3494, 60-3495, 60-3504, 60-3505 and 60-3508.) They further cite the bankruptcy laws in which a remedy by due course of law is provided, and yet full recovery may be precluded.

As for bankruptcy laws, these are a federal matter and supersede state law. The sections of the statute under Article 35, Chapter 60, in the 1949 General Statutes of Kansas, pertain to the homestead exemption guaranteed by the Constitution of Kansas, and to exemptions for the head of a family and an individual person of personal

property such as wearing apparel, the family Bible, school books, family pictures, musical instruments, a seat or pew in any church, a lot in a burial ground, household furniture and appliances, a limited number of livestock, chickens and other domestic fowls, the necessary food for the support of such stock for one year, the implements of farming, grocery and fuel supplies on hand sufficient to support the debtor and his family for one year, the necessary tools, implements and instruments needed to carry on a trade or business, and the library, implements and office furniture of any professional man. These exemptions which pertain to the individual and/or his family are historic in origin in Kansas stemming from the Laws of 1868, and are designed to supplement the homestead exemption guaranteed by the Constitution. Similarly, money received by any debtor as a pensioner of the United States, which is exempt under the provisions of 60-3508, *supra*, falls in this category.

All property of an individual debtor, whether the head of a family or not, which is not specifically exempt by 60-3504, 60-3505 and 60-3508, *supra*, on grounds of public policy, is *subject to forced process* and can be applied to the satisfaction of the debt. The court has little difficulty in finding these exemptions to be in a category of their own and entirely distinct and apart from the privileges sought to be granted by 17-1725, *supra*.

The provisions of 60-3494 and 60-3495, *supra*, exempt personal earnings of a judgment debtor except to the extent of ten percent, and costs not to exceed $4, where the judgment debtor otherwise complies with the provisions of these sections.

This exemption does not fall in the same category as the legislative act in question because ten percent of the earnings of the judgment debtor can be applied each month to the satisfaction of the debt by forced process, thereby giving the creditor a remedy by a special proceeding except that there are limitations on the amount of recovery. If the creditor persists, garnishment may be repeated month after month for application of the limited amount of recovery to the satisfaction of the debt. Furthermore, all property of the debtor not specifically exempt by statute is subject to forced process.

We adhere to the construction of Section 18 of the Bill of Rights of the Kansas Constitution placed upon it in *Noel v. Menninger Foundation*, supra, where it was said: ". . . It is the primary duty of the courts to safeguard the declaration of right *and remedy*

guaranteed by the constitutional provision *insuring a remedy for all injuries. . . ."* (p. 763.) (Emphasis added.)

So construed, the court is forced to conclude G. S. 1959 Supp., 17-1725 is invalid as contravening Section 18 of the Bill of Rights of the Kansas Constitution. We therefore hold the statute in question (L. 1959, Ch. 127, § 1) unconstitutional and of no force and effect.

It follows that the trial court erred in overruling the appellant's motion to require the garnishees to pay to the clerk of the district court of Sedgwick County, Kansas, the amount of money shown by their answers to be due the St. Francis Hospital & School of Nursing, Inc., and in overruling the appellant's motion for judgment on the pleadings.

The judgment of the lower court is reversed.

FONTRON, J., not participating.