**Larry A. NELSON, partner of Nelson Machine and Welding, and as administrator of the Nelson Machine and Welding Partnership Estate, Plaintiff,**

v.

**Jim THORNBERG and Grain King Corporation, Defendant.**

**Civ. A. No. 80–2259.**

United States District Court, D. Kansas.

Oct. 30, 1980.

Thomas Herlocker, Roberts & Herlocker, Winfield, Kan., Roger D. Stanton, Weeks, Thomas & Lysaught, Overland Park, Kan., for plaintiff.

Kent E. Whittaker, Joseph C. Benage, Hillix, Brewer, Hoffhaus & Whittaker, Kansas City, Mo., A. C. Cooke, Cooke, Ballweg, Borth, Wilson & Simpson, Prairie Village, Kan., for defendant.

### ORDER

O'CONNOR, District Judge.

This matter is presently before the court on defendant Grain King Corporation's motion to dissolve a pre-judgment attachment of a bank account. Plaintiff filed his petition in the District Court of Cowley County, Kansas, on June 25, 1980. The petition

states claims for breach of contract, malicious interference with contract rights, fraudulent conversion, and punitive damages. Defendants removed the case to this court on July 21, 1980. Before the Cowley County District Court was aware of the removal, plaintiff filed an affidavit in garnishment prior to judgment and a bond seeking garnishment of checking account No. 01–26–594 at First National Bank of Winfield, Kansas. An order of garnishment issued and was served on the garnishee bank at 10:15 a.m. on July 22. The return also notes that service on the defendant was accomplished through "Jim Thornberg by 1st National." The vice president of the bank mailed a copy of the garnishment order to Thornberg on July 28, 1980. Defendants concede that they had actual notice of the garnishment by July 31, 1980. On September 25, 1980, plaintiff sought and we issued an order appointing a special process server to serve Grain King with the order of garnishment. The return from Sheriff Gerald D. Allen of Cerro Gordo County, Mason City, Iowa, states that the order for garnishment was served on September 29, 1980.

Grain King attacks the garnishment on several theories. First, the defendant has filed a reply with an affidavit of Jim Thornberg to the answer of the garnishee. The bank answered that when served with the order of garnishment it held $9,525.66 belonging to the defendants in checking account No. 01–26–594. Grain King denies that it maintained account No. 01–26–594 at the garnishee bank on July 22, 1980, and submits correspondence dated June 13, 1980, requesting that the account be closed. This contention is not raised in the defendant's motion to dissolve the order of garnishment and we need not address it.

Grain King's second theory is that the affidavit submitted in support of the order of garnishment is defective for its failure to specify with particularity the facts in support of the grounds asserted for the garnishment. In *Hillhouse v. City of Kansas City*, 221 Kan. 369, 559 P.2d 1148 (1977), Justice Prager found the Kansas pre-judgment attachment statute unconstitutional for four reasons; namely, (1) plaintiff was not required to post a bond if defendant was a nonresident or a foreign corporation, (2) plaintiff was permitted to state merely conclusory allegations in the statutory language without allegations of specific facts, (3) the order of attachment issued by the ministerial act of the clerk of the court, and (4) the defendant had no right to a hearing immediately after the seizure. The attachment statutes were subsequently amended to address these defects. K.S.A. 60–704 (Supp.1979) now requires the affidavit to state:

> (1) The grounds upon which the attachment is sought, specifying with particularity the facts in support of such grounds, (2) that the plaintiff has a just claim against the defendant, and (3) the amount which the affiant believes the plaintiff ought to recover, after allowing all just credits and set-offs.

K.S.A. 60–701 provides the following grounds for pre-judgment attachment:

> Subject to the provisions of K.S.A. 60–703, and amendments thereto, the plaintiffs at or after the commencement of any civil action may have, as an incident to the relief sought, one or more attachments against the property of the defendant, or that of any one or more of several defendants, when the defendant whose property is to be attached:
>
> (1) is a nonresident of the state or a foreign corporation, or
>
> (2) has absconded or is concealed so that the summons cannot be served or is about to move out of this state with the intent of changing domicile, or
>
> (3) is about to remove his or her property or effects out of this state, or
>
> (4) is about to convert his or her property or a part thereof into money for the purpose of placing it beyond the reach of creditors, or
>
> (5) has concealed, removed, assigned, conveyed or otherwise disposed of his or her property or effects so as to hinder or delay creditors or is about to do so, or
>
> (6) fraudulently contracted the debt or fraudulently incurred the liability, or

(7) is liable for damages for injuries arising out of the commission of some felony or misdemeanor, or the seduction of a person, or

(8) has failed to pay the price or value of any article or thing delivered which by contract the defendant was bound to pay upon delivery.

In pertinent part, plaintiff's affidavit reads as follows:

3. The defendants, Jim Thornberg and Grain King Corporation are both non-residents of the State of Kansas. Grain King Corporation is a foreign corporation.

4. The defendant Grain King Corporation has a checking account in the First National Bank of Winfield, Kansas, No. 01–26–594, and Jim Thornberg is the authorized signature on that account.

5. Plaintiff has learned that a deposit of $9,708.00 was recently made in that account. That amount represents the proceeds of a sale of equipment manufactured by plaintiff and sold to Cargill, Inc. of Minot, North Dakota.

6. As stated in plaintiff's petition the defendants are indebted to plaintiffs in the sum of $98,021.55 plus other damages as claimed. The above named sum represents, in part, machinery furnished to defendants for which payment has not been received by plaintiffs when defendant was bound to pay upon delivery.

7. Past actions of both defendants indicate that the following will occur unless garnishment is issued before judgment:

a.) The balance in the aforementioned checking account will be transferred out of state and placed beyond the reach of plaintiff and other creditors.

b.) The property of defendants will be, and in part has been, concealed, assigned, conveyed or otherwise disposed of so as to hinder or delay creditors.

The affidavit also incorporates the petition with its claim of fraudulent conduct by the defendant.

■ We find the above to be adequate to support the order of garnishment.

Defendant's third theory in support of its motion to dissolve is that plaintiff failed to strictly and diligently pursue the extraordinary remedy of pre-judgment garnishment by failing to timely provide the defendants with legal notice of the order. Grain King contends that its statutory right to a hearing within five days of moving to dissolve an order of garnishment is meaningless unless the statute also requires timely service.

Service and return of service are provided in K.S.A. 60–717(b) (Supp.1979) as follows:

The order of garnishment shall be served on the garnishee, together with two (2) copies of the form for the garnishee's answer prescribed in K.S.A. 1978 Supp. 60–718 and returned by the officer making service in the same manner as an order of attachment. If the order is served prior to a judgment on the plaintiff's claim, said order shall also be served on the defendant, if he or she can be found, but failure to serve the defendant shall not relieve the garnishee from liability under said order.

K.S.A. 60–706(b)(1) (Supp.1979) provides for the service of an order of attachment as follows:

In addition to the process required under article 3 of this chapter, the order of attachment shall be served upon the defendant, if the defendant can be found, in the same manner as an ordinary summons, and a return made thereof.

Article 3 of the chapter provides for service of process on corporations and partnerships at K.S.A. 60–304(e) in the following manner:

Upon a domestic or foreign corporation or upon a partnership or other unincorporated association, when by law it may be sued as such, by delivering a copy of the summons and of the petition to an officer, partner or a resident, managing or general agent, or by leaving the copies at any business office of the defendant with the person having charge thereof or by delivering copies to any other agent authorized by appointment or required by law to receive service of process, and if the agent is one authorized by law to

receive service and the law so requires, by also mailing a copy to the defendant. K.S.A. 60–304(f) permits service of process on a resident agent of a foreign corporation and in certain circumstances on the Secretary of State of Kansas.

Plaintiff concedes that service on the defendant by the "local custom of Cowley County", i. e., the garnishee mailing a copy of the order to the defendant, was not technically proper service. However, plaintiff contends that Grain King suffered no harm because it became aware of the garnishment in time to reply to the garnishee's answer and to move to dissolve. Plaintiff contends that he would be greatly prejudiced if the garnishment order were dissolved, because the funds would be removed from the state. Finally, plaintiff maintains that the motion to dissolve is premature because legal service is only required by the time judgment is entered. *Porter v. Trapp,* 160 Kan. 662, 663, 165 P.2d 591 (1946), and *Freeman v. Keltner,* 175 Kan. 37, 259 P.2d 228 (1953).

 Under Kansas law, garnishment is an extraordinary remedy and the statutory procedures must be strictly followed. *Buzbee v. Overby,* 191 Kan. 112, 379 P.2d 250 (1963); *Andrews v. Andrews,* 171 Kan. 616, 237 P.2d 418 (1951); *Porter v. Trapp, supra; State Bank v. McKibben,* 146 Kan. 341, 70 P.2d 1 (1937). In the absence of a more specific time limitation for service upon defendant, we construe the Kansas statutes as requiring the service upon the defendant within a reasonable time. The construction resolves any due process question that might otherwise exist concerning the service of the garnishment order on the defendant.

Plaintiff relies on *Freeman v. Keltner, supra,* for the proposition that the statutory scheme provides no time limitation upon the service of a garnishment summons upon defendant; service prior to judgment is argued to be the only requirement. *Freeman* involved an appeal by the garnishee from an order and judgment overruling its motion to quash the service of garnishment summons. The principal defendant in *Free-* *man* was a nonresident of the state and was served by publication. The publication appeared over two months after the order of garnishment issued but well before judgment was entered on the garnishment. Most importantly, *Freeman* was decided long before the due process framework for prejudgment garnishment was redefined by *North Georgia Finishing, Inc. v. Di-Chem, Inc.,* 419 U.S. 601, 95 S.Ct. 719, 42 L.Ed.2d 751 (1975), *Fuentes v. Shevin,* 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), *Sniadich v. Family Finance Corp.,* 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969), and *Hillhouse, supra.* To apply *Freeman* here as only requiring service on defendant prior to entry of a judgment would violate the defendant's due process right to notice.

 We find that the garnishee's mailing of the order of garnishment to defendants some ten days after the order was issued was inadequate service under the Kansas statutory scheme. We further find no merit in plaintiff's contention that the order should not be dissolved in spite of improper service. Even if defendant suffered no prejudice, accepting plaintiff's contentions would raise serious questions concerning the constitutionality of the Kansas pre-judgment statutes. *See North Georgia, supra; Fuentes, supra; Sniadich, supra; Hillhouse, supra.* To the contrary, the constitutionality of a statute is presumed and we must resolve all doubts in favor of a statute's legality. *Ferguson v. Skrupa,* 372 U.S. 726, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963); *Leek v. Theis,* 217 Kan. 784, 539 P.2d 304 (1975); *Sutherland v. Ferguson,* 194 Kan. 35, 36, 397 P.2d 335 (1964); *Harris v. Shanahan,* 192 Kan. 183, 206–07, 387 P.2d 771 (1963); *State ex rel. Fatzer v. Board of Regents,* 167 Kan. 587, 596, 207 P.2d 373 (1949); *Carolene Producing Co. v. Mohler,* 152 Kan. 2, 8, 102 P.2d 1044 (1940). Furthermore, legal service of the order of garnishment two months after the order issued without any justification for the delay is unreasonable; such a delay does not amount to the strict compliance required for extraordinary remedies such as prejudgment garnishments.

IT IS THEREFORE ORDERED that Grain King's motion to dissolve the order of garnishment be and hereby is sustained.